# IN THE SUPREME COURT OF TEXAS

═══════════

No. 08-0890

═══════════

THE HOUSTON EXPLORATION CO. AND
OFFSHORE SPECIALTY FABRICATORS, INC., PETITIONERS,

v.

WELLINGTON UNDERWRITING AGENCIES, LTD. ET AL., RESPONDENTS

═══════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTEENTH DISTRICT OF TEXAS

═══════════════════════════════

JUSTICE JOHNSON, concurring.

I join parts I and III of the Court's opinion and its judgment. I write to explain my view of why the stricken language of paragraph 13 can and should be considered for context.

First, the stricken language of paragraph 13 need not be considered in determining the policy's coverage. As explained in part III of the Court's opinion and by the court of appeals, 267 S.W.3d 277, 283-87, the policy is unambiguous regardless of the presence of the stricken language. The policy provides coverage for repairs and vessels engaged in "or about" repairs; it does not provide coverage for vessels on standby for an extended period of time and not actively preparing for, supporting, or engaged in repairs.

Next, this was not a one-size-fits-all insurance agreement. The insurance contract was negotiated based on Offshore's particular risks. The striking of paragraph 13 and other language

from the form policy is an objective reflection of the setting surrounding the creation of the policy; it assists in giving context to how the policy terms were reached through negotiations. *See* ___ S.W.3d ___ at ___ (Jefferson, C.J., dissenting) (citing 11 RICHARD A. LORD, WILLISTON ON CONTRACTS § 32.7 (4th ed. 1999)). The strikings show that the parties negotiating the contract were experienced with the type of coverage being negotiated and that "standby charges" was a term of art reflecting a particular, recognized category of risk. Moreover, the presence of the clause providing a deductible for standby charges does not indicate that the policy covers standby charges as the dissent posits. To the contrary, it indicates the opposite: standby charges were a separate, recognized category of expense. The insuring portions of the policy did not provide coverage for such charges even though the deductible clause was not stricken.

_____
Phil Johnson
Justice

**OPINION DELIVERED:** August 26, 2011

2