**Ex parte Collins Omondi NYABWA.**

### Nos. PD–0073–12, PD–0074–12, PD–0075–12.

Court of Criminal Appeals of Texas.

March 28, 2012.

Collins Omondi Nyabwa, pro se.

Patricia R. Lykos, Dist. Atty., Lisa C. McMinn, State's Attorney, Austin, for State.

## *ORDER*

PER CURIAM.

Appellant was charged with three counts of improper photography. He filed a pre-trial writ application, arguing that Penal Code § 21.15(b)(1) is facially unconstitutional. The Court of Appeals found no constitutional violation in the statute. *Ex parte Nyabwa,* Nos. 14–11–00250–CR, 14–11–00251–CR, 14–11–00252–CR, 2011 WL 6176193, 2011 Tex.App. LEXIS 9721 (Tex. App.-Houston [14th Dist.] December 13, 2011). Appellant filed these petitions on January 13, 2012.

On February 7, 2012, the Court of Appeals withdrew its opinion and issued another opinion in its place. *Ex parte Nyabwa,* 2012 WL 378220 (Tex.App.-Houston [14th Dist.] 2012). This used to be permitted by Rule 50 of the Texas Rules of Appellate Procedure. However, on July 12, 2011, Rule 50 was abolished, and Rule 68.7 was amended to provide that an appellate court must send the appellate record to this Court within 15 days of receiving notice that a petition for discretionary review has been filed. Once that 15–day period elapses, an appellate court loses

authority to issue an opinion. *See Garza v. State*, 896 S.W.2d 192, 195 (Tex.Crim. App.1995).

The Court of Appeals's opinion issued on February 7, 2012, which was more than 15 days after Appellant filed his petitions for discretionary review on January 13, 2012. It was untimely and therefore unauthorized under Rule 68.7 of the Texas Rules of Appellate Procedure. Accordingly, the court had no jurisdiction to issue that opinion. *See id.* Therefore, the Court of Appeals's opinion issued on February 7, 2012, is ordered withdrawn, and the original judgment and opinion of the Court of Appeals that issued on December 13, 2011, is reinstated.

Additionally, we refuse Appellant's petition for discretionary review dated January 13, 2012. We take no action on Appellant's subsequent petition dated March 2, 2012, as that petition addresses an opinion that has been withdrawn.

KELLER, P.J., filed a dissenting opinion.

Appellant was prosecuted for "improper photography." On appeal, he contended that the statutory provision under which he was prosecuted is facially unconstitutional under the First Amendment. The court of appeals upheld the statute.[1] The portion of the statute at issue provides: "A person commits an offense if the person … photographs … another at a location that is not a bathroom or private dressing room: (A) without the other person's consent; and (B) with intent to arouse or gratify the sexual desire of any person."[2]

This statute is virtually unbounded in its potential application. The photographing of anyone, anywhere, and under any circumstances can be an offense so long as the photograph was taken without consent and the actor harbored the requisite sexual mental state. Photography has been recognized as a form of expression protected by the First Amendment.[3] While conceding that, the court of appeals nevertheless concluded that the statute "regulates a person's intent in creating a visual record and not the contents of the record itself."[4]

But that conclusion does not necessarily exempt the statute from the First Amendment's protections. The Supreme Court has recognized that the First Amendment includes, as a component of freedom of expression, the protection of "freedom of thought,"[5] including the freedom to think sexual thoughts.[6] It is not enough to say

---

1. *Ex parte Nyabwa*, 2012 WL 378220 (Tex. App.-Houston [14th Dist.] 2012).

2. TEX. PENAL CODE § 21.15(b)(1). Subsection (b)(2) proscribes the photographing of a person in a bathroom or private dressing room and is not at issue in the present case. The statute also proscribes "by videotape or other electronic means" conduct that "records, broadcasts, or transmits a visual image of another." *See id.*, §§ 21.15(b)(1) & (2).

3. *United States v. Stevens*, — U.S. —, 130 S.Ct. 1577, 1584, 176 L.Ed.2d 435 & *passim* (2010) (invalidating statute that criminalizes the commercial creation, sale, or possession of certain depictions of animal cruelty); *Regan v. Time, Inc.*, 468 U.S. 641, 648, 104 S.Ct. 3262, 82 L.Ed.2d 487 & *passim* (1984) (invali-

dating portion of law proscribing photographic reproductions of currency).

4. *Nyabwa*, 2012 Tex.App. LEXIS 974, at 9, 2012 WL 378220.

5. *Wooley v. Maynard*, 430 U.S. 705, 714, 97 S.Ct. 1428, 51 L.Ed.2d 752 (1977) (First Amendment protects "freedom of thought.")

6. *Stanley v. Georgia*, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969) (Statute that criminalizes possession of obscene materials within the privacy of the home violates the First Amendment); *see id.* at 565–66, 89 S.Ct. 1243 ("And yet, in the face of these traditional notions of individual liberty, Georgia asserts the right to protect the individual's mind from the effects of obscenity. We are not certain

that the statute is directed only at intent, if the intent consists of thought that is protected by the First Amendment. There are limits to the freedom of thought protected by the First Amendment: the First Amendment does not, for example, protect the right to privately possess child pornography.[7]  But in the statute before us, the person photographed could be a fully-clothed adult walking down a public street.  The breadth of this statute is breathtaking, and the type of intent that it regulates is not inherently exempt from First Amendment protection.

I would grant review to address whether the statute violates the First Amendment. Because the Court does not, I respectfully dissent.[8]

that this argument amounts to anything more than the assertion that the State has the right to control the moral content of a person's thoughts.  To some, this may be a noble purpose, but it is wholly inconsistent with the philosophy of the First Amendment.").

7.  *Osborne v. Ohio,* 495 U.S. 103, 108, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990) (distinguishing *Stanley* ).

8.  I agree with the Court's Rule 50 holding and, consequently, with its decision to order the court of appeals's "Rule 50" opinion withdrawn and to take no action on appellant's second petition attacking that latter opinion. But I disagree with the Court's decision to refuse appellant's original petition attacking the court of appeals's original opinion.