

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-13-00127-CR

**EX PARTE** Ronald **THOMPSON**

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CR-1148-W2
The Honorable Ron Rangel, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:        Catherine Stone, Chief Justice
                Marialyn Barnard, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  August 30, 2013

REVERSED AND REMANDED

Appellant Ronald Thompson was arrested and charged with twenty-six counts of improper photography or visual recording in violation of section 21.15(b)(1) of the Texas Penal Code, commonly known as the "improper photography" statute. This is an appeal from the trial court's denial of Thompson's pretrial application for writ of habeas corpus, which alleged section 21.15(b)(1) is unconstitutional on its face because it violates both the First Amendment to the U.S. Constitution and Article 1, Section 8 of the Texas Constitution. We reverse and remand.

## BACKGROUND

Because this appeal presents a facial challenge to a statute, a detailed rendition of the facts is unnecessary for its disposition. We therefore provide only a brief procedural history.

On July 16, 2011, Thompson was arrested and charged with improper photography. On January 22, 2013, Thompson filed a pre-trial "Application for Writ of Habeas Corpus Seeking Relief from Facially Unconstitutional Statute."

On January 25, 2013, the trial court denied Thompson's application for writ of habeas corpus without a hearing. On March 7, 2013, the trial court issued an order clarifying that it considered and denied Thompson's application based on the merits. Thompson then perfected this appeal.

## ANALYSIS

Section 21.15(b)(1) of the Texas Penal Code provides as follows:

A person commits an offense if the person: (1) photographs or by videotape or other electronic means records, broadcasts, or transmits a visual image of another at a location that is not a bathroom or private dressing room: (A) without the other person's consent; **and** (B) with intent to arouse or gratify the sexual desire of any person.

TEX. PENAL CODE ANN. § 21.15(b)(1) (West 2011) (emphasis added). Thompson argues this section of the penal statute is facially unconstitutional because it: (1) impermissibly regulates the content of speech, and is both (2) overly broad and (3) vague. Therefore, Thompson contends the statute violates the First Amendment to the U.S. Constitution and Article 1, Section 8 of the Texas Constitution.[1]

### *Standard of Review*

A claim that a statute is unconstitutional on its face may be raised by a pretrial writ of habeas corpus. *Ex Parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001). Habeas corpus pre-

---

[1] Thompson does not argue or provide authority establishing that his protection under the Texas Constitution exceeds or differs from that provided to him by the U.S. Constitution. Therefore, we only address his federal claim. *See Arnold v. State*, 873 S.W.2d 27, 33 (Tex. Crim. App. 1993).

conviction proceedings are separate criminal actions, and the applicant has the right to an immediate appeal before trial begins. *Greenwell v. Court of Appeals for the Thirteenth Judicial Dist.*, 159 S.W.3d 645, 650 (Tex. Crim. App. 2005).

We review a trial court's decision to grant or deny an application for writ of habeas corpus under an abuse of discretion standard. *See Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006); *Ex parte Perusquia*, 336 S.W.3d 270, 274 (Tex. App.—San Antonio 2010, pet. ref'd); *Ex parte Nyabwa*, 366 S.W.3d 719, 723 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd).[2,3] However, when the trial court's ruling and determination of the ultimate issue turns on the application of the law, such as the constitutionality of a statute, we review the trial court's ruling de novo. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), *overruled in part on other grounds by Ex parte Lewis*, 219 S.W.3d 335, 371 (Tex. Crim. App. 2007); *Ex parte Perusquia*, 336 S.W.3d at 275; *Nyabwa*, 366 S.W.3d at 723 (citing *Rivera v. State*, 363 S.W.3d 660, 666 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

---

[2] We note the 14th Court of Appeals in *Nyabwa* attempted to withdraw its December 13, 2011 opinion and issue another one on February 7, 2012. *See Ex Parte Nyabwa*, 366 S.W.3d 710, 711 (Tex. Crim. App. 2012) (per curiam). However, the Texas Court of Criminal Appeals held the February 2012 opinion was untimely and unauthorized under Rule 68.7 of the Texas Rules of Appellate Procedure, and ordered the court to reinstate the original judgment and December 2011 opinion. *See id.* at 712. *Nyabwa* is the only published case that has addressed and upheld the constitutionality of the "improper photography" statute. *See* 366 S.W.3d at 723. There are, however, two unpublished cases that upheld the constitutionality of the statute prior to *Nyabwa*. *See Vasquez v. State*, No. 05-06-00486-CR, 2007 WL 1054146 (Tex. App.—Dallas April 10, 2007, pet. ref'd); *State v. Calvo*, No. 08-05-00002-CR, 2006 WL 2634733 (Tex. App.—El Paso Sept. 14, 2006, pet. ref'd). The Texas Court of Criminal Appeals refused discretionary review in all three cases. In relation to *Nyabwa*'s petition, Presiding Judge Keller wrote a dissenting opinion, stating she would have "grant[ed] review to address whether the statute violates the First Amendment." *See Nyabwa*, 366 S.W.3d at 712 (Keller, P.J., dissenting).

[3] After pleading guilty to three counts of improper photography in state court, Nyabwa filed a federal habeas petition requesting the district court strike his conviction on grounds that section 21.15(b)(1) of the Texas Penal Code violates the U.S. Constitution. *See Nyabwa v. Thaler*, No. H-12-1152, 2012 WL 4434733, at *1 (S.D. Tex. Sept. 22, 2012). The district court dismissed Nyabwa's petition, holding he had not exhausted his state remedies, and denied a certificate of appealability holding Nyabwa "ha[d] not made a substantial showing that reasonable jurists would find the Court's [] ruling debatable." *Id.* at *2. The Fifth Circuit vacated the district court's judgment, and remanded to the district court, holding Nyabwa exhausted his state remedies, and granted a certificate of appealability holding "the district court pleadings, the record, and the COA application demonstrate[d] that reasonable jurists could debate whether [Nyabwa] has made a valid claim of a constitutional deprivation." *Nyabwa v. Stephens*, No. 12-20682, 2013 WL 3091894, at *1 (5th Cir. June 20, 2013).

We review the constitutionality of a criminal statute de novo. *Byrne v. State*, 358 S.W.3d 745, 748 (Tex. App.—San Antonio 2011, no pet.). When a statute is attacked upon constitutional grounds, we ordinarily presume the statute is valid and that the legislature has not acted unreasonably or arbitrarily. *State v. Rosseau*, 396 S.W.3d 550, 557 (Tex. Crim. App. 2013). The burden rests upon the individual who challenges the statute to establish its unconstitutionality. *Id.*

However, when the government seeks to restrict speech based on its content, the usual presumption of constitutionality afforded to legislative enactments is reversed. *United States v. Playboy Entm't Grp., Inc.*, 529 U.S. 803, 817 (2000); *Nyabwa*, 366 S.W.3d at 724. Content-based regulations are presumptively invalid, and the government bears the burden to rebut that presumption. *Ashcroft v. Am. Civil Liberties Union*, 542 U.S. 656, 660 (2004); *Nyabwa*, 366 S.W.3d at 724.

### *First Amendment Implications: Does the Statute Regulate Protected Speech?*

The free speech protections of the First Amendment are implicated when the government seeks to regulate protected speech or expressive conduct. *See Scott v. State*, 322 S.W.3d 662, 668–69 (Tex. Crim. App. 2010). It is the obligation of the person desiring to engage in allegedly expressive conduct to demonstrate the First Amendment applies. *Clark v. Comty. For Creative Non-Violence*, 468 U.S. 288, 294 (1984).

Thompson contends the improper photography statute regulates protected speech by imposing limits on non-obscene photography of a sexual nature. The U.S. Supreme Court has held photography is a form of speech normally protected by the First Amendment. *United States v. Stevens*, 559 U.S. 460, 130 S.Ct. 1577, 1584, *passim* (2010); *Regan v. Time, Inc.*, 468 U.S. 641, 648, *passim* (1984). Furthermore, sexual expression that is indecent but not obscene is also protected by the First Amendment. *See Sable Commc'ns of Cal., Inc. v. F.C.C.*, 492 U.S. 115, 126 (1989).

The court in *Nyabwa* held section 21.15(b)(1) of the Texas Penal Code was "not a regulation of speech or expression, but rather of the intent of the photographer."[4] In reaching its holding, the court discussed *Scott v. State*, 322 S.W.3d 662 (Tex. Crim. App. 2010), where the court of criminal appeals concluded a telephone harassment statute did not implicate the free speech guarantee, even though the conduct included spoken words, where the statute focused on the actor's intent to inflict emotional distress and not to legitimately communicate ideas, opinions, or information. *See Nyabwa*, 366 S.W.3d at 725–26. The court held that in the same way, the improper photography statute regulates a person's intent in creating a visual record and not the contents of the record itself. *See id.* at 726. We respectfully disagree.

First, we hold the statute addressed in *Scott* is distinguishable from the improper photography statute. In *Scott*, the court held the telephone statute did not implicate the free speech guarantee of the First Amendment because it was directed only at persons with the "specific intent to inflict emotional distress, repeatedly use the telephone to invade another person's personal privacy and do so in a manner reasonably likely to inflict emotional distress." 322 S.W.3d at 670. The court held the statute regulated "noncommunicative" conduct because it did not include "an intent to engage in the legitimate communication of ideas, opinions, or information; [it] will have only the intent to inflict emotional distress for its own sake." *Id.* In other words, it was the lack of a legitimate intent to communicate which made the conduct regulated "noncommunicative." *See id.*

In contrast, we hold the statutory subsection challenged by Thompson, section 21.15(b)(1) of the Texas Penal Code, regulates protected speech as opposed to "noncommunicative" conduct.

---

[4] Although the court held the statutory subsection did not regulate speech, the opinion states: "Texas Penal Code section 21.15(b) neither limits photography because of the ideas expressed nor favors one type of photograph over another; therefore, the statute is content-neutral." *See Nyabwa*, 366 S.W.3d at 725. As a result, the court seemingly agrees the statute regulates speech, that is, photography, but does it in a "content neutral" manner. *See id.*

The statute specifically restricts an individual from taking, recording, broadcasting, or transmitting photographs of others in public places—places other than a bathroom or private dressing room—when the individual has the intent to "arouse" or "gratify" someone's sexual desires. *See* TEX. PENAL CODE ANN. § 21.15(b)(1). Therefore, the statute not only restricts an individual's right to photograph, a form of speech protected by the First Amendment, *see Stevens*, 130 S.Ct. at 1584, but the statute also restricts a person's thoughts, which the U.S. Supreme Court has held is "wholly inconsistent with the philosophy of the First Amendment." *See Stanley v. Georgia*, 394 U.S. 557, 565–66 (1969) (holding government does not have right to control moral content of person's thoughts).

Furthermore, unlike the statute in *Scott*, subsection 21.15(b)(1) does not require an "intent" to "invade another person's personal privacy." *See Scott*, 322 S.W.3d at 669. In fact, that requirement is found in subsection 21.15(b)(2)—which penalizes an individual taking photographs with the intent to "invade the privacy of the other person"—but is not found in subsection 21.15(b)(1). *Compare* TEX. PENAL CODE ANN. § 21.15(b)(1) (requiring individual have intent to arouse or gratify sexual desire of any person) *with* TEX. PENAL CODE ANN. § 21.15(b)(2) (requiring individual have intent to invade privacy of another person *or* arouse or gratify sexual desire of any person) (emphasis added). Subsection 21.15(b)(1) does not require the person being photographed even be aware of it. Therefore, unlike the statute in *Scott*, which regulated "noncommunicative" conduct (without the legitimate intent to communicate but rather to "inflict emotional distress"), we hold subsection 21.15(b)(1) restricts protected speech by regulating an individual's right to photograph and to have certain thoughts. We also hold the intent requirement, i.e., to have the "intent to arouse or gratify the sexual desire of any person," does not render the speech or conduct regulated "noncommunicative" or unprotected. As Presiding Judge Keller mentioned, "the type

of intent [the statute] regulates [does] not inherently exempt it from First Amendment protection." *See Nyabwa*, 366 S.W.3d at 712.

### Does the Statute Regulate Speech in a Content-Based or Content-Neutral Manner?

We must now determine whether the statute regulates speech in a content-based or content-neutral manner. As a general rule, laws that by their terms distinguish favored speech from disfavored speech on the basis of the ideas or views expressed are content based, whereas laws that confer benefits or impose burdens on speech without reference to the ideas or views expressed are content neutral. *Turner Broad. Sys., Inc. v. F.C.C.*, 512 U.S. 622, 642 (1994). Courts review content-based laws that suppress, disadvantage, or impose differential burdens on speech because of its content under a strict scrutiny standard. *Id.* To uphold content-based laws under this standard, the government must show: (1) the restriction is necessary to serve a compelling state interest, and (2) the law is narrowly drawn to achieve that end. *Martinez v. State*, 323 S.W.3d 493, 504 (Tex. Crim. App. 2010).

In contrast, content-neutral laws that govern expression but do not seek to restrict its content are subject to intermediate scrutiny. *Turner*, 512 U.S. at 642. The U.S. Supreme Court in *United States v. O'Brien* set out a four-part test to determine whether content-neutral restrictions on protected speech are constitutional and valid under the First Amendment. *See* 391 U.S. 367, 377 (1968); *Foster v. City of El Paso*, 396 S.W.3d 244, 253 (Tex. App.—El Paso 2013, no pet.) Under this test, restrictions that are content neutral in time, place and manner are valid, even if they cause an adverse impact on the exercise of First Amendment rights, provided: (1) they are within the constitutional power of the government; (2) they further an important or substantial governmental interest; (3) the asserted governmental interest is unrelated to the suppression of free expression; and (4) the incidental restrictions on alleged First Amendment freedoms are no greater

than is essential to the furtherance of that interest. *Rivera*, 363 S.W.3d at 667 n. 7 (quoting *O'Brien*, 391 U.S. at 377).

Thompson argues subsection 21.15(b)(1) is a content-based restriction because it limits the type of communication that can be conveyed. However, we hold the plain language of the subsection 21.15(b)(1) does not "limit" or "restrict" the substantive content of photographs—in other words, it does not favor one type of photograph over another. *See Turner*, 512 U.S. at 642. Rather, the statute limits speech by imposing time, place, and manner restrictions that are unrelated to content. *See Clark*, 468 U.S. at 293. Accordingly, we hold subsection 21.15(b)(1) regulates speech in a content-neutral manner, requiring intermediate scrutiny. *See id.*

### *Does the Statute Reach a Substantial Amount of Constitutionally Protected Conduct?*

Having held the statute regulates speech in a content neutral manner, we must now determine whether the statute meets the four-part *O'Brien* test. *See Combs v. Tex. Entm't Ass'n*, 347 S.W.3d 277, 286 (Tex. 2011); *Foster*, 396 S.W.3d at 253.

Thompson contends the statute does not meet any of the factors in the *O'Brien* test.[5] First, Thompson argues the Legislature did not have power to enact the improper photography statute because, as written, the statute violates First Amendment protections and is void on its face. *See* U.S. CONST. amend. I ("Congress shall make no law . . . abridging the freedom of speech.). Thompson also contends the State does not have an important governmental interest in enacting the statute. The statute's legislative history shows the Legislature's intent in enacting Section 21.15 of the Penal Code was to create "an offense prohibiting the covert photography or visual recording of another for an improper sexual purpose." *See* Acts of 2001, 77th Leg., R.S., ch. 458,

---

[5] Although Thompson did not explicitly address the *O'Brien* factors in his briefing, we liberally construe his arguments as they apply to the *O'Brien* test. *See Burnett v. Sharp*, 328 S.W.3d 594, 598 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (holding court must construe pleading liberally in pleader's favor and construe petition to include all claims that reasonably may be inferred from language used in petition).

§ 1, 2001 Tex. Gen. Laws 893; *see also* HOUSE COMM. ON CRIMINAL JURISPRUDENCE, BILL ANALYSIS, Tex. H.B. 73, 77th Leg., R.S. (2001). In 2003, the Legislature amended the statute and clarified its intent to protect non-consenting individuals from an offensive invasion of their privacy. *See* Acts of 2003, 78th Leg., R.S., ch. 500, § 1, 2003 TEX. GEN. LAWS 1771; *see also* HOUSE COMM. ON CRIMINAL JURISPRUDENCE, BILL ANALYSIS, Tex. H.B. 1060, 78th Leg., R.S. (2003). We hold the government has an important interest in protecting its citizens from covert photography that may invade their expectation of privacy. *See id.*

Thompson also challenges the third and fourth *O'Brien* factors—the statute's governmental interest suppresses free expression, and the statute significantly restricts alleged First Amendment freedoms. *See O'Brien*, 391 U.S. at 377. Specifically, Thompson argues the statute is "not sufficiently narrow . . . to bring it into the realm of constitutionality." *See Olvera v. State*, 806 S.W.2d 546, 550 (Tex. Crim. App. 1991) (en banc) (citing *Perry Education Assn. v. Perry Local Educators' Assn.*, 460 U.S. 37, 45 (1983)) (holding restrictions embodied in content neutral statute must be narrowly tailored to serve significant government interest while leaving open sufficient alternative channels of communication).

Thompson contends the statute is not narrowly tailored to serve an important government interest, but is overbroad and vague. Thompson argues the statute would criminalize the generally accepted or legal conduct of photographing or videotaping a person without the subject's consent. For example, Thompson points to sexually arousing photographs of celebrities taken by paparazzi or photographs taken of "a fully-clothed adult walking down a public street." *See Nyabwa*, 366 S.W.3d at 712. Because Thompson contends the statute is both unconstitutionally overbroad and vague, we address the overbreadth challenge first. *See Roberts v. State*, 278 S.W.3d 778, 790 (Tex. App.—San Antonio 2008, pet. ref'd); (citing *Duncantell v. State*, 230 S.W.3d 835, 843 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd).

A statute is impermissibly overbroad if, in addition to proscribing activities that may be constitutionally prohibited, it sweeps within its coverage speech or conduct protected by the First Amendment. *Bynum v. State*, 767 S.W.2d 769, 772 (Tex. Crim. App. 1989) (en banc); *see also Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494 (1982); *Broadrick v. Oklahoma*, 413 U.S. 601, 615 (1973). Therefore, this court must determine whether the statute reaches a substantial amount of constitutionally protected conduct—that is, whether "a substantial number of [the statute's] applications are unconstitutional judged in relation to the statute's plainly legitimate sweep." *See Stevens*, 559 S.Ct. at 1587 (quoting *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449 n. 6 (2008)); *see also Village of Hoffman Estates*, 455 U.S. at 494. If it does not, the overbreadth challenge must fail. *Id.*

The First Amendment prohibits laws that abridge freedom of speech. U.S. CONST. amend. I. Thompson argues the statute has a substantial impact on free speech because there is no careful delimitation of criminal conduct, but rather anyone who takes photographs of non-consenting persons is at risk of violating the law. We agree.

We first hold the application of the statute would potentially penalize some protected speech. The State contends the mere fact that we can conceive of some impermissible applications of a statute is not sufficient to render it susceptible to an overbreadth challenge. *See Members of City Council of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 800 (1984). Some courts have held a statute that prohibits intentional conduct is rarely subject to a facial overbreadth challenge. *See Sullivan v. State*, 986 S.W.2d 708, 712 (Tex. App.—Dallas 1999, no pet.). However, we hold this statute is different from other intentional conduct statutes in that it is "virtually unbounded in its potential application," *see Nyabwa*, 366 S.W.3d at 711 (Keller, P.J., dissenting), and constitutes a substantial restriction on protected conduct. *See Bynum*, 767 S.W.2d at 774.

The 14th Court of Appeals held in *Nyabwa*, and the State argues in this case, that the specific intent requirement in the improper photography statute renders the statute constitutional for First Amendment purposes. The State points out that statutes with the "intent to arouse or gratify the sexual desire of any person" requirement have been upheld. *See, e.g., Byrum v State*, 762 S.W.2d 685, 687–88 (Tex. App.—Houston [14th Dist.] 1988, no pet.); *see also Nyabwa*, 366 S.W.3d at 727. However, the difference between the improper photography statute and the statutes that include the same intent requirement is that those statutes criminalize unprotected, illegal activity, whereas section 21.15(1)(b) of the Texas Penal Code interferes with a person's protected freedoms under the First Amendment, including the right to photography and to have unregulated thoughts. *E.g.*, *compare Byrum*, 762 S.W.2d at 687 (upholding statute that prohibits touching of body parts defined by their anatomical names, if touching is done with specific intent to arouse or gratify any person's sexual desire) *with Nyabwa*, 366 S.W.3d at 711–12 (Keller, P.J., dissenting) (noting improper photography statute interferes with photography, recognized form of expression protected by First Amendment, and statute's intent requirement interferes with protection of freedom of thought, including freedom to think sexual thoughts).

"Broad prophylactic rules in the area of free expression are suspect . . . [p]recision of regulation must be the touchstone in an area so closely touching our most precious freedoms." *NAACP v. Button*, 371 U.S. 415, 438 (1963). Thompson contends the statute requires law enforcement officers to make subjective judgments regarding the photographer's intent. In other words, Thompson argues innocent photographers run the risk of being charged with violating the statute because the government is attempting to regulate thought, a freedom protected by the First Amendment. *See Stanley*, 394 U.S. at 565–66 (1969). We agree.

It is not enough to say a statute is not overbroad simply because it is directed at conduct with intent, if the intent portion of the statute regulates freedoms protected by the First

Amendment. Furthermore, the location identifier of subsection 21.15(b)(1)—at a location that is not a bathroom or private dressing room—is so broad the statute seems to criminalize conduct in areas where individuals have no expectation of privacy. *See, e.g., Katz v. United States*, 389 U.S. 347 (1967); *Liebman v. State*, 652 S.W.2d 942, 946 (Tex. Crim. App. 1983) (en banc).

Accordingly, we hold subsection 21.15(b)(1) of the Texas Penal Code does not survive intermediate scrutiny, and is void on its face because the statute is overbroad, reaching a substantial amount of constitutionally protected conduct. *See Stevens*, 559 S.Ct. at 1587.[6]

CONCLUSION

Based on the foregoing, we hold subsection 21.15(b)(1) of the Texas Penal Code is void on its face as it fails intermediate scrutiny and violates the First Amendment to the U.S. Constitution because it is overbroad. Accordingly, we reverse the trial court's denial of Thompson's application for writ of habeas corpus and remand this matter to the trial court to enter an order dismissing the prosecution, i.e. all charges against Thompson on alleged violations of section 21.15(b)(1) of the Texas Penal Code. *See Long v. State*, 931 S.W.2d 285, 297 (Tex. Crim. App. 1996) (en banc) (holding statutory provision is unconstitutionally vague on its face and remanding case to trial court to enter order dismissing prosecution).

Marialyn Barnard, Justice

Publish

---

[6] Based on this court's holding on the speech content and overbreadth issues, we need not reach the issue of vagueness.