**Reversed and Remanded and Opinion Filed November 10, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00134-CR

## HAMID SHOHREH, Appellant
## V.
## THE STATE OF TEXAS, Appellee

### On Appeal from the 199th Judicial District Court
### Collin County, Texas
### Trial Court Cause No. 199-82213-2013

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Myers and Brown
Opinion by Chief Justice Wright

Hamid Shohreh was convicted of improper photography or visual recording in violation of section 21.15(b)(1) of the penal code. TEX. PENAL CODE ANN. § 21.15(b)(1) (West 2011). Pursuant to a plea agreement, the trial court assessed punishment at two years' confinement in a state jail, probated for five years, and a $1,500 fine. Appellant filed a motion for new trial asserting, among other things, that the statute under which he was convicted is unconstitutional. The trial court denied appellant's motion for new trial but granted appellant the right to appeal.[1] In his first issue in his original brief, appellant asserts that section 21.15 is unconstitutional. In his supplemental brief, appellant specifically asserts that his conviction is void in light of *Ex parte Thompson*, No. PD-1371-13, 2014 WL 4627231 (Tex. Crim. App. Sept. 17, 2014), in

---

[1] The trial court made a written finding of fact that appellant had not met his burden to show the statute is unconstitutional.

which the court of criminal appeals held section 21.15(b)(1) facially unconstitutional. The State has filed a letter brief agreeing that *Ex parte Thompson* applies to this case and, in light of the holding, appellant's conviction should be reversed and the case remanded to the trial court with instructions to dismiss the indictment. We agree with the parties.

After appellant was convicted and while this appeal has been pending, the Texas Court of Criminal Appeals issued *Ex parte Thompson*. In *Ex parte Thompson*, the court held that section 21.15(b)(1), to the extent it proscribes the taking of photographs and the recording of visual images, is facially unconstitutional and violates the Free Speech clause of the First Amendment to the United States Constitution.[2] *Id*. at *16. The court affirmed the San Antonio Court of Appeals, which had likewise held the statute unconstitutional, reversed the trial court's order denying habeas corpus relief, and remanded the case to the trial court to enter an order dismissing the prosecution. *Id*.; *Ex parte Thompson*, 414 S.W.3d 872, 881 (Tex. App.—San Antonio 2013), *aff'd*, 2014 WL 4627231.

Appellant was convicted of improper photography or visual recording. The indictment alleged that appellant "did then and there, with intent to arouse the sexual desire of [appellant], photograph another, namely [complainant] at a location that was not a bathroom or private dressing room, without the consent of the said [complainant]." This tracks the statutory language held to be unconstitutional in *Ex parte Thompson*. We sustain appellant's first issue.[3]

---

[2] The court did not address the constitutionality of the part of section 21.15(b)(1) which proscribes the broadcast or transmission of visual images, and that portion of the statute is not at issue in this case.

[3] In light of our disposition of issue one, we do not address appellant's remaining issues. *See* TEX. R. APP. P. 47.1.

We reverse the trial court's judgment and remand the case to the trial court with instructions to dismiss the indictment.

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47
140134F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

HAMID SHOHREH, Appellant

No. 05-14-00134-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial District Court, Collin County, Texas
Trial Court Cause No. 199-82213-2013.
Opinion delivered by Chief Justice Wright, Justices Myers and Brown participating.

Based on the Court's opinion of this date, we **REVERSE** the trial court's judgment and **REMAND** the case to the trial court with instructions to enter an order dismissing the indictment.

Judgment entered November 10, 2014.