

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00830-CR

**EX PARTE** Cedric **NEAL**

From the County Court at Law, Kerr County, Texas
Trial Court No. CR180911
Honorable Susan Harris, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:         Sandee Bryan Marion, Chief Justice
                Rebeca C. Martinez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed: May 6, 2020

AFFIRMED

Cedric Neal appeals an order denying his pretrial application for writ of habeas corpus. Neal argues the trial court erred by rejecting his facial constitutional challenges to section 42.07(a)(7) of the Texas Penal Code. Because Neal was charged under subsection (a)(4) and not (a)(7), and all of his constitutional challenges to subsection (a)(7) have been squarely rejected by this court and the Court of Criminal Appeals, we affirm the trial court's order.

### BACKGROUND

Neal was charged by information and complaint as follows: "[O]n or about 5/23/2017, in Kerr County, Texas, with intent to harass, annoy, alarm, abuse, torment, or embarrass [the complainant], make repeated telephone communications to [the complainant] in a manner reasonably likely to annoy the said [the complainant]." Neal filed a pretrial application for writ of

habeas corpus, asserting he was charged with the offense of "online harassment" in violation of Texas Penal Code section 42.07(a)(7).

In the trial court, Neal argued section 42.07(a)(7) is unconstitutionally vague and overbroad, and is an unconstitutional content-based restriction on speech that does not survive strict scrutiny. In his application, Neal asked the trial court to consider a recent decision of the Fort Worth court of appeals in *Ex parte Barton*, 586 S.W.3d 573, 575 (Tex. App.—Fort Worth 2019, pet. granted) (op. on reh'g), holding section 42.07(a)(7) is unconstitutionally vague and overbroad. However, Neal also referred the trial court to this court's conflicting decision in *Lebo v. State*, 474 S.W.3d 402 (Tex. App.—San Antonio 2015, pet. ref'd). After the trial court denied Neal's application, Neal filed a timely notice of appeal.

## DISCUSSION

"A claim that a statute is unconstitutional on its face may be raised by a pretrial writ of habeas corpus." *Ex parte Thompson*, 414 S.W.3d 872, 875 (Tex. App.—San Antonio 2013), *aff'd*, 442 S.W.3d 325 (Tex. Crim. App. 2014). "We review a trial court's decision to grant or deny an application for writ of habeas corpus under an abuse of discretion standard." *Id.* When "the ultimate issue turns on the application of the law, such as the constitutionality of a statute, we review the trial court's ruling de novo." *Id.* at 875–76.

Neal's facial constitutional challenges assume he was charged with "online harassment" under subsection (a)(7), which pertains to "send[ing] repeated electronic communications." TEX. PENAL CODE § 42.07(a)(7). However, Neal was charged with "mak[ing] repeated telephone communications," which is a different offense under subsection (a)(4). *Scott v. State*, 322 S.W.3d 662, 665, 668 (Tex. Crim. App. 2010), *abrogated on other grounds by Wilson v. State*, 448 S.W.3d 418 (Tex. Crim. App. 2014). Therefore, we cannot say the trial court erred by denying Neal's facial

constitutional challenges to subsection (a)(7). *See id.* (holding this court erred by addressing the constitutionality of subsection (a)(7) when defendant was charged under subsection (a)(4)).

To the extent Neal's arguments about subsection (a)(7) might apply to subsection (a)(4) by analogy, we cannot say the trial court erred by denying Neal's application for writ of habeas corpus. In *Lebo*, this court rejected the vagueness and overbreadth challenges that Neal asserts in this appeal. *See* 474 S.W.3d at 408. Neal acknowledges our holding in *Lebo*, but does not ask us to overrule *Lebo*, and we decline to do so on our motion. Neal also contends that the harassment statute is a content-based restriction, but the Court of Criminal Appeals has already rejected this argument. *See Ex parte Lo*, 424 S.W.3d 10, 24 n.64 (Tex. Crim. App. 2013) (citing *Scott* as holding the anti-harassment statute is "a content-neutral restriction on speech because it does not depend on *what* the communication is, only that the defendant's repeated calls are intended to harass the recipient").

## CONCLUSION

We affirm the trial court's order.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH