# NO. 12-24-00031-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EX PARTE:* | *§* | *APPEAL FROM THE 349TH* |
| *JOSEPH WALTON STRICKLAND,* | *§* | *JUDICIAL DISTRICT COURT* |
| *APPELLANT* | *§* | *ANDERSON COUNTY, TEXAS* |

---

### *MEMORANDUM OPINION*

Joseph Walton Strickland filed a motion for rehearing, which is overruled. We withdraw this court's opinion dated August 29, 2024, and substitute the following opinion in its place.

Appellant was charged with unlawful possession of a firearm by a felon. This is an appeal from the trial court's denial of Appellant's pretrial application for writ of habeas corpus, in which he alleged that Texas Penal Code, Section 46.04 is facially unconstitutional because it violates his rights pursuant to the Second Amendment to the United States Constitution. In a single issue on appeal of the trial court's order denying his application, Appellant argues that Section 46.04 violates his Second Amendment rights based on recent decisions by the United States Supreme Court and the Fifth Circuit Court of Appeals. We affirm.

### BACKGROUND

Because this appeal presents a facial challenge to a statute, a detailed rendition of the facts is unnecessary for its disposition. We therefore provide only a brief procedural history.

Appellant was charged by indictment with unlawful possession of a firearm by a felon.[1] Thereafter, Appellant filed an application for writ of habeas corpus, in which he argued that Texas Penal Code, Section 46.04 is facially unconstitutional because it violates his rights pursuant to the Second Amendment to the United States Constitution. The trial court denied Appellant's application, and this appeal followed.

## CONSTITUTIONALITY OF TEXAS PENAL CODE, SECTION 46.04

In his sole issue, Appellant argues that Section 46.04 violates his Second Amendment rights based on recent decisions by the United States Supreme Court and the Fifth Circuit Court of Appeals.

### Standard of Review

A claim that a statute is unconstitutional on its face may be raised by a pretrial writ of habeas corpus. *Ex Parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001). Habeas corpus pre-conviction proceedings are separate criminal actions, and the applicant has the right to an immediate appeal before trial begins. *Greenwell v. Court of Appeals for the Thirteenth Judicial Dist.*, 159 S.W.3d 645, 650 (Tex. Crim. App. 2005).

We review a trial court's decision to grant or deny an application for writ of habeas corpus under an abuse of discretion standard. *See Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006); *Ex parte Thompson*, 414 S.W.3d 872, 875 (Tex. App.–San Antonio 2013), *aff'd*, 442 S.W.3d 325 (Tex. Crim. App. 2014). However, when the trial court's ruling and determination of the ultimate issue turns on the application of the law, such as the constitutionality of a statute, we review the trial court's ruling de novo. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), *overruled in part on other grounds by Ex parte Lewis*, 219 S.W.3d 335, 371 (Tex. Crim. App. 2007); *see Thompson*, 414 S.W.3d at 875–76.

### Governing Law

A person who has been convicted of a felony commits an offense if he possesses a firearm after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later. TEX. PENAL CODE ANN.

---

[1] The indictment identified Appellant's prior felony conviction as driving while intoxicated (third or more).

§ 46.04(a)(1) (West Supp. 2023).  After the expiration of this five-year period, the person may possess a firearm but only at that person's residence.  *See id.* §46.04(a)(2).

In 2022, the United State Supreme Court issued its opinion in ***New York State Rifle & Pistol Association v. Bruen***, 597 U.S.1, 142 S. Ct. 2111, 213 L.Ed.2d 387 (2022).  There, the court held that in making a determination that a challenged law does not infringe on a person's Second Amendment protections, the following standard is applicable:

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct.  The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation.  Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

*See id.* 597 U.S. at 24, 142 S. Ct. at 2129–30.  In his concurring opinion, Justice Kavanaugh, joined by Chief Justice Roberts, recognized that, like most rights, the Second Amendment is not unlimited, and emphasized, "[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons[.]"  ***Id.*** 597 U.S. at 81, 142 S. Ct. at 2162 (Kavanaugh, J., concurring) (citing ***D.C. v. Heller***, 554 U.S. 570, 636, 128 S. Ct. 2783, 2822, 171 L. Ed. 2d 637 (2008) (when properly interpreted, Second Amendment allows for variety of firearm regulations)).

**Discussion**

In ***Bruen***, the Supreme Court noted that the Second Amendment applies to "law-abiding, responsible citizens."  ***Bruen***, 597 U.S. at 26, 142 S. Ct. at 2131.  In the indictment in this case, the State alleged that Appellant previously was convicted of driving while intoxicated (third or more).  Thus, if the State proves that Appellant is a convicted felon, then it is reasonable to conclude that because he is not a law-abiding citizen, he is not entitled to Second Amendment rights under ***Bruen***.  *See id.*; ***U.S. v. Rozier***, 598 F.3d 768, 771 (11th Cir. 2010) (recognizing constitutionality of Second Amendment restrictions for felons); *see also* ***U.S. v. Dubois***, 94 F.4th 1284, 1293 (11th Cir. 2024) (clarifying that ***Bruen*** does not overrule ***Rozier***).  But even assuming arguendo that the holding in ***Bruen*** applies to Appellant's case, the outcome would not differ.

In his brief, Appellant relies heavily on the Fifth Circuit Court of Appeals' decision in ***U.S. v. Rahimi***, 61 F.4th 443, 448 (5th Cir. 2023), *cert. granted*, 143 S. Ct. 2688, 216 L. Ed. 2d 1255 (2023), *rev'd and remanded*, 144 S. Ct. 1889 (2024).  In ***Rahimi***, the appellant made a facial challenge to 18 U.S.C. §922(g)(8), which prohibited his possessing a firearm while subject to a

domestic violence restraining order. *See id.* at 448. The court of appeals held that, pursuant to the Supreme Court's holding in *Bruen* and based on the evidence the government identified, Section 922(g)(8) did not fit within the Nation's tradition of firearm regulation. *Id.* at 460–61. The Supreme Court granted certiorari and reversed the court of appeals' judgment, holding that when a restraining order contains a finding that an individual poses a credible threat to the physical safety of an intimate partner, that individual may, consistent with the Second Amendment, be banned from possessing firearms while the order is in effect. *U.S. v. Rahimi*, 602 U.S. _, 144 S. Ct. 1889, 1902 (2024). The court explained that, since its founding, our Nation's firearms laws have included provisions preventing individuals who threaten physical harm to others from misusing firearms and, as applied to the facts of the case, Section 922(g)(8) fits comfortably within this tradition. *Id.* 144 S. Ct. at 1897. Also noteworthy, as it pertains to the facts of the case at hand, in reaching this holding, Chief Justice Roberts reiterated the axiom set forth in *Heller* that such prohibitions like those restricting the possession of firearms by felons presumptively are lawful. *Id.* 144 S. Ct. at 1902.

In reliance on the court of appeals' opinion in *Rahimi*, Appellant argues that the State cannot identify historical analogues to Section 46.04 because there are none. We recognize that when Appellant filed his brief, the Supreme Court had not yet issued its opinion reversing the opinion on which he relies, and we disagree with his argument that no historical analogues to Section 46.04 exist.

In *Rahimi*, the court sought to ascertain whether the statute at issue is "relevantly similar" to laws that our tradition is understood to permit, applying faithfully the balance struck by the founding generation to modern circumstances. *Id.* at 1898. But the court stressed that while the law must comport with the principles underlying the Second Amendment, it need not be a "dead ringer" or a "historical twin." *Id.* In conducting its analysis, the court revisited its extensive review of the history of American gun laws conducted in *Heller* and *Bruen*. *See id.* at 1899. In so doing, it identified two historical analogues—surety laws and "going armed" laws.[2] *See id.* at 1900–01.

---

[2] As described by the Court, a surety law enabled a magistrate to require individuals suspected of future misbehavior to post a bond, and if the individual failed to post a bond, he would be jailed. *See U.S. v. Rahimi*, 602 U.S. _, 144 S. Ct. 1889, 1900 (2024). If the individual posted a bond and, then, broke the peace, the bond would be forfeited. *See id.* The court noted that surety laws also targeted the misuse of firearms by authorizing imposition of bonds from individuals who went armed with a pistol or other offensive and dangerous weapon. *See id.* "Going armed" laws were enacted to punish those who had menaced others with firearms. *See id.* at 1900–01. "Going armed" laws prohibited "riding or going armed with dangerous or unusual weapons" to terrify the good people of the land since such conduct disrupted the "public order" and led almost necessarily to actual violence. *Id.* at 1901.

After discussing the history of these two types of laws, the court explained their relevant similarities to Section 922(g)(8) as follows:

> Taken together, the surety and going armed laws confirm what common sense suggests: When an individual poses a clear threat of physical violence to another, the threatening individual may be disarmed. Section 922(g)(8) is by no means identical to these founding era regimes, but it does not need to be. [citation omitted]. Its prohibition on the possession of firearms by those found by a court to present a threat to others fits neatly within the tradition the surety and going armed laws represent.
>
> Like the surety and going armed laws, Section 922(g)(8)(C)(i) applies to individuals found to threaten the physical safety of another. This provision is "relevantly similar" to those founding era regimes in both why and how it burdens the Second Amendment right. [citation omitted]. Section 922(g)(8) restricts gun use to mitigate demonstrated threats of physical violence, just as the surety and going armed laws do. Unlike the regulation struck down in ***Bruen***, Section 922(g)(8) does not broadly restrict arms use by the public generally.

*Id.* at 1901.

Similarly, Section 46.04 involves a prior finding that a person poses a threat to others, i.e., his alleged prior conviction of a felony offense, and, thus, "fits neatly within the tradition the surety and going-armed laws represent." *Id.* Like the surety and going-armed laws, Section 46.04 applies to individuals found to have threatened the physical safety of others or otherwise shown a propensity for consequential lawlessness.[3] *See id.* And such a prior finding resulting in a felony conviction has all the procedural and constitutional safeguards afforded by our judicial system. Section 46.04 restricts gun use to mitigate either demonstrated threats of physical violence or prior disregard of penal law similarly to the manner the surety and going-armed laws do and does not broadly restrict arms use by the public generally. *See id.* Furthermore, like the surety bonds of limited duration, Section 46.04's prohibition on possession of a firearm expires after five years, after which time, the person may possess a firearm at his residence. *See* TEX. PENAL CODE ANN. § 46.04(a)(1), (2); ***Rahimi***, 144 S. Ct. at 1902. Lastly, the penalty also fits within the regulatory tradition. *See **Rahimi***, 144 S. Ct. at 1902. The going-armed laws provided for imprisonment, and if imprisonment was permissible to respond to the use of guns to threaten the physical safety of others, then the lesser restriction of temporary disarmament that Section 46.04 penalizes also is permissible. *See id.*

---

[3] We recognize that not all felonies involve violence toward others. Nonetheless, a conviction of a felony is indicative of a person's propensity for lawlessness on a level of greater consequence in its effect on society. *See felony*, BLACK'S LAW DICTIONARY (10th ed. 2014).

In sum, if, as alleged in the indictment, the State proves that Appellant is a convicted felon, then he is not a law-abiding citizen entitled to Second Amendment rights under ***Bruen***. *See **Bruen***, 597 U.S. at 26, 142 S. Ct. at 2131; ***Rozier***, 598 F.3d at 771; *see also **Dubois***, 94 F.4th at 1293. But even if we assume that ***Bruen*** applies, our Nation's tradition of firearm regulation distinguishes citizens who have been found to pose a credible threat to the physical safety of others from those who have not. *See **Rahimi***, 144 S. Ct. at 1902. And our tradition of firearm regulation allows the government to disarm individuals who present such a threat. *See **id.*** We reiterate the axiom espoused by the Supreme Court that prohibitions restricting the possession of firearms by felons presumptively are lawful. *See **id.*** Accordingly, since we conclude that, even if ***Bruen*** applies, Section 46.04 is "relevantly similar" to laws that our tradition is understood to permit, we hold that its restrictions are consistent with the Second Amendment. ***Id.*** at 1898, 1903.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's order denying Appellant's application for writ of habeas corpus.

BRIAN HOYLE
Justice

Opinion delivered October 9, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 9, 2024**

**NO. 12-24-00031-CR**

**EX PARTE: JOSEPH WALTON STRICKLAND,**
Appellant

Appeal from the 349th District Court

of Anderson County, Texas (Tr.Ct.No. DCCV23-4265-349)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the order denying Appellant's application for writ of habeas corpus of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*