**Ex Parte Collins Omondi NYABWA.**

**Nos. 14–11–00250–CR, 14–11–00251–CR, 14–11–00252–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 13, 2011.

vide fair notice of the conduct proscribed, and therefore is not vague. Accordingly, we affirm.

Collins O. Nyabwa, Humble, pro se.

Lisa G. Porter, Houston, for appellee.

Panel consists of Chief Justice HEDGES and Justices ANDERSON and CHRISTOPHER.

## OPINION

TRACY CHRISTOPHER, Justice.

This is an appeal from the denial of a pretrial application for writ of habeas corpus. Collins Omondi Nyabwa contends that Texas Penal Code section 21.15(b)(1) is unconstitutional on its face because it violates both the First Amendment of the U.S. Constitution and article 1, section 8 of the Texas Constitution. He also contends that the statute is both overbroad and vague.

Texas Penal Code section 21.15(b)(1) prohibits one from photographing or videotaping another person in a location that is not a bathroom or a dressing room without that person's consent and with the intent to arouse or gratify the sexual desire of any person. TEX. PENAL CODE ANN. § 21.15(b)(1) (West 2011). We hold that (1) section 21.15(b)(1) is not a regulation of speech or expression, but rather of the intent of the photographer, and therefore does not violate the First Amendment; (2) the statute does not restrict a substantial amount of constitutionally protected speech, and therefore is not overbroad; and (3) the statute is sufficiently definite to avoid impinging on First–Amendment freedoms, to avoid the possibility of arbitrary arrests and convictions, and to pro-

## I. FACTUAL AND PROCEDURAL HISTORY

Collins O. Nyabwa was arrested in June 2010 and charged with three counts of improper photography. He posted bond and applied to the trial court for a pretrial writ of habeas corpus. The trial court denied Nyabwa's writ application without hearing any evidence and Nyabwa timely appealed. In a single issue, he contends that the penal statute under which he has been charged is facially unconstitutional because it impermissibly regulates the content of speech and is both overly broad and vague.

## II. ANALYSIS

A claim that a statute is unconstitutional on its face may be raised by pretrial writ of habeas corpus because if the statute is invalid, then the charging instrument is void. *Ex parte Weise,* 55 S.W.3d 617, 620 (Tex.Crim.App.2001).

The decision to grant or deny an application for writ of habeas corpus is one within the trial court's discretion and may be overturned only if the appellate court finds that the trial court abused its discretion. *Phuong Anh Thi Le v. State,* 300 S.W.3d 324, 327 (Tex.App.-Houston [14th Dist.] 2009, no pet.). A trial court has no discretion to analyze the law incorrectly; thus, when the trial court's ruling turns on the constitutionality of a statute, we review the trial court's ruling de novo. *See Rivera v. State,* 363 S.W.3d 660 at 666 (Tex. App.-Houston [1st Dist.] 2011, no pet.) (reviewing trial court's ruling on an application for a pretrial writ of habeas corpus in which the accused asserted that the ordinance at issue was facially unconstitutional due to its alleged overbreadth). We re-

view the constitutionality of a criminal statute de novo. *See Ex parte Tarlton*, 105 S.W.3d 295, 297 (Tex.App.-Houston [14th Dist.] 2003, no pet.). When a statute is attacked upon constitutional grounds, we ordinarily presume that the statute is valid and that the legislature has not acted unreasonably or arbitrarily. *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex.Crim.App. 2002). The burden rests upon the individual who challenges the statute to establish its unconstitutionality. *Id.*

However, when the government seeks to restrict speech based on its content, the usual presumption of constitutionality afforded legislative enactments is reversed. *United States v. Playboy Entm't Grp.*, 529 U.S. 803, 817, 120 S.Ct. 1878, 1888, 146 L.Ed.2d 865 (2000). Content-based regulations are presumptively invalid, and the government bears the burden to rebut that presumption. *Ashcroft v. Am. Civil Liberties Union*, 542 U.S. 656, 660, 124 S.Ct. 2783, 2788, 159 L.Ed.2d 690 (2004).

Nyabwa has not analyzed, argued, or provided authority establishing that his protection under the Texas Constitution exceeds or differs from that provided to him by the U.S. Constitution; therefore, analysis solely under his federal claim is appropriate. *See Arnold v. State*, 873 S.W.2d 27, 33 (Tex.Crim.App.1994).

### A. Content–Based Challenge

 Nyabwa first contends that the statute violates the First Amendment, which prohibits the government from regulating speech in ways that favor some viewpoints or ideas at the expense of others. *Members of City Council of City of L.A. v. Taxpayers for Vincent*, 466 U.S. 789, 804, 104 S.Ct. 2118, 2128, 80 L.Ed.2d 772 (1984). However, the First Amendment does not guarantee the right to communicate one's views at all times and places or in any manner that one may

desire. *Heffron v. Int'l Soc'y for Krishna Consciousness, Inc.*, 452 U.S. 640, 647, 101 S.Ct. 2559, 2564, 69 L.Ed.2d 298 (1981). Both written and oral expression may be subject to reasonable time, place, and manner restrictions. *Clark v. Cmty. for Creative Non–Violence*, 468 U.S. 288, 293, 104 S.Ct. 3065, 3069, 82 L.Ed.2d 221 (1984). The State may lawfully proscribe communicative conduct that invades the substantial privacy interests of another in an essentially intolerable manner. *Scott v. State*, 322 S.W.3d 662, 668–69 (Tex.Crim. App.2010).

 The United States Supreme Court has announced a two-tiered approach for reviewing regulations on speech. The Court applies the "most exacting scrutiny to regulations that suppress, disadvantage, or impose differential burdens upon speech because of its content." *Turner Broad. Sys., Inc. v. FCC*, 512 U.S. 622, 642, 114 S.Ct. 2445, 2459, 129 L.Ed.2d 497 (1994); *Tex. Dep't of Transp. v. Barber*, 111 S.W.3d 86, 92 (Tex.2003). The government may, however, regulate the content of constitutionally protected speech to promote a compelling state interest if it chooses the least restrictive means to further the articulated interest. *Sable Commc'ns v. FCC*, 492 U.S. 115, 126, 109 S.Ct. 2829, 2836, 106 L.Ed.2d 93 (1989). When a plausible, less restrictive alternative is offered to a content-based speech restriction, it is the government's obligation to prove that the alternative will be ineffective to achieve its goals. *Playboy*, 529 U.S. at 816, 120 S.Ct. at 1888.

 In contrast, courts apply an intermediate level of scrutiny to regulations that are unrelated to the content of speech. *Turner*, 512 U.S. at 642, 114 S.Ct. at 2459. So-called "content-neutral" time, place, and manner restrictions are valid provided that they are narrowly tailored to serve a substantial governmental interest

and do not unreasonably limit alternative channels of communication. *City of Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 47, 106 S.Ct. 925, 928, 89 L.Ed.2d 29 (1986); *Barber*, 111 S.W.3d at 93.

■■■■ Although it is common to place the burden upon the government to justify impingements on First–Amendment interests, it is the obligation of the person desiring to engage in allegedly expressive conduct to demonstrate that the First Amendment even applies. *Clark*, 468 U.S. at 294 n. 5, 104 S.Ct. at 3069 n. 5. If the statute does not regulate speech at all, then we begin with a presumption that the statute is valid and that the legislature has not acted unreasonably or arbitrarily. *See Rodriguez*, 93 S.W.3d at 69. We must uphold the statute if a reasonable construction will render the statute constitutional. *See Ely v. State*, 582 S.W.2d 416, 419 (Tex.Crim.App.1979).

Texas Penal Code section 21.15, entitled "Improper Photography or Visual Recording," provides in pertinent part as follows:

(b) A person commits an offense if the person:

(1) photographs or by videotape or other electronic means records, broadcasts, or transmits a visual image of another at a location that is not a bathroom or private dressing room:

(A) without the other person's consent; and

(B) with intent to arouse or gratify the sexual desire of any person....

TEX. PENAL CODE ANN. § 21.15(b)(1).

■■■■ Nyabwa argues that the statute limits speech by imposing limits on non-obscene photography in a public place. Photography is a form of speech normally protected by the First Amendment. *See Regan v. Time, Inc.*, 468 U.S. 641, 648–649, 104 S.Ct. 3262, 3267, 82 L.Ed.2d 487 (1984). Sexual expression which is inde-cent but not obscene is also protected by the First Amendment. *Sable*, 492 U.S. at 126, 109 S.Ct. at 2836.

■■■■ As a general rule, laws that by their terms distinguish favored speech from disfavored speech on the basis of the ideas or views expressed are content-based, while laws that confer benefits or impose burdens on speech without reference to the ideas or views expressed are in most instances content-neutral. *Turner*, 512 U.S. at 643, 114 S.Ct. at 2459. The principal inquiry in determining content neutrality is whether the government has adopted a regulation of speech because of agreement or disagreement with the message it conveys. *Id.* at 642, 114 S.Ct. at 2459.

■■■■ Texas Penal Code section 21.15(b) neither limits photography because of the ideas expressed nor favors one type of photograph over another; therefore, the statute is content-neutral. *Cf. Gordon v. State*, 757 S.W.2d 496, 501 (Tex.App.-Houston [1st Dist.] 1988, pet. ref'd) (ordinance which did not ban adult arcades, adult literature, or adult entertainment but merely regulated the manner in which adult arcades could operate did not restrict the type of films or entertainment that could be viewed and was content-neutral). Thus, at most, this statute should be reviewed under the second-tier intermediate scrutiny approach articulated *supra*.

■■■■ The State argues that the statute is not a regulation of speech at all, but instead is a regulation of the photographer's or videographer's intent. Discussing a similar First–Amendment issue, the Court of Criminal Appeals concluded that a telephone-harassment statute does not implicate the free speech guarantee—even though the conduct may include spoken words—where the statute focuses on the actor's intent to inflict emotional distress

and not to legitimately communicate ideas, opinions or information. *Scott*, 322 S.W.3d at 669–70. In much the same way, Texas Penal Code section 21.15(b) regulates a person's intent in creating a visual record and not the contents of the record itself. We thus conclude that the statute is not a regulation of speech and does not violate the First Amendment.

## B. Overbreadth Challenge

 Nyabwa next argues that the statute is unconstitutionally overbroad because it would criminalize so much currently accepted conduct of photographing or videotaping others without the subject's express consent. As examples, Nyabwa points to sexually arousing photographs of celebrities taken by "paparazzi" and videos of bikini contests and similar events. Although some of the Nyabwa's cited examples would involve individuals who had given their express or implied consent, others, such as photographing women on the beach, would not. Nyabwa argues that these instances of photography without consent would be criminal acts under the statute.

 A statute is considered impermissibly overbroad if, in addition to proscribing activities that may be forbidden constitutionally, it sweeps within its coverage speech or conduct that is protected by the First Amendment. *Bynum v. State*, 767 S.W.2d 769, 772 (Tex.Crim.App.1989) (en banc). Where conduct and not merely speech is involved, the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep. *Taxpayers*

*for Vincent*, 466 U.S. at 799–800, 104 S.Ct. at 2126. The mere fact that one can conceive of some impermissible applications of a statute is not sufficient to render it susceptible to an overbreadth challenge. *Id.* at 800, 104 S.Ct. at 2126. In short, we will not hold a statute to be facially unconstitutional on overbreadth grounds absent a realistic danger that the statute will significantly compromise recognized First-Amendment rights of parties not before the court. *Id.* at 801, 104 S.Ct. at 2126. Therefore, when reviewing a facial challenge to the overbreadth of a statute, our first task is to determine whether the statute reaches a substantial amount of constitutionally protected conduct. *Bynum*, 767 S.W.2d at 774. If it does not, then the overbreadth challenge fails. *Id.*

Although the statute before us is not as narrowly tailored as some other similar statutes,[1] it regulates conduct that falls within the scope of an otherwise valid criminal law that "reflect[s] legitimate state interests in maintaining comprehensive controls over harmful, constitutionally unprotected conduct." *See Broadrick v. Oklahoma*, 413 U.S. 601, 615, 93 S.Ct. 2908, 2917–18, 37 L.Ed.2d 830 (1973) ("Although such laws, if too broadly worded, may deter protected speech to some unknown extent, there comes a point where that effect—at best a prediction—cannot, with confidence, justify invalidating a statute on its face and so prohibiting a state from enforcing the statute against conduct that is admittedly within its power to proscribe."). This statute, at most, includes in its sweep some small amount of constitu-

---

1. *Cf.* 18 U.S.C. § 1801 (2004) (criminalizing photography by one who "has the intent to capture an image of a private area of an individual without their consent, and knowingly does so under circumstances in which the individual has a reasonable expectation of privacy"); Ark. Code Ann. § 5–16–101 (West 2011) (making it unlawful to use a concealed or disguised camera "[f]or the purpose of viewing any portion of the person's body that is covered with clothing and for which the person has a reasonable expectation of privacy" without that person's consent).

tionally protected conduct, and certainly does not constitute a substantial restriction on protected conduct. *See Bynum,* 767 S.W.2d at 774.

Because Texas Penal Code section 21.15(b) does not restrict a substantial amount of constitutionally protected conduct, we conclude that the statute is not unconstitutionally overbroad.

## C. Vagueness Challenge

 Finally, Nyabwa argues that the improper-photography statute is unconstitutionally vague because it requires law enforcement officers to make subjective judgments about First–Amendment speech. Nyabwa alleges that the statute, as written, makes it impossible to know in advance how the photographer's intent will be judged by others. Nyabwa claims that photographers will steer well-clear of the "danger zone" in order to avoid the serious consequences that flow from an arrest or conviction of a felony sex crime—in essence, chilling legitimate First–Amendment speech.

 A vagueness challenge is applicable to all criminal laws, not merely those that regulate speech. *Bynum,* 767 S.W.2d at 773; *Duncantell v. State,* 230 S.W.3d 835, 844 (Tex.App.-Houston [14th Dist.] 2007, pet. ref'd). A statute will be declared unconstitutionally vague if "its prohibitions are not clearly defined." *State v. Markovich,* 77 S.W.3d 274, 279 (Tex.Crim. App.2002) (quoting *Grayned v. City of Rockford,* 408 U.S. 104, 108, 92 S.Ct. 2294, 2298, 33 L.Ed.2d 222 (1972)). However, the vagueness doctrine is not intended to create a constitutional dilemma where none would otherwise exist, premised solely on the practical difficulties encountered when attempting to draft a statute broad enough to take into account a variety of human conduct and specific enough to provide fair warning that certain kinds of

conduct are prohibited. *Duncantell,* 230 S.W.3d at 844. To avoid being unconstitutionally vague, a law must (1) give a person of ordinary intelligence a reasonable opportunity to know what is prohibited, (2) provide explicit standards for those who apply it, and (3) not impinge upon sensitive areas of basic First–Amendment freedoms. *See Grayned,* 408 U.S. at 108–09, 92 S.Ct. at 2298–99. There is no general entitlement to a perfectly written statute, but only to a statute that gives fair warning of the offense. *See Duncantell,* 230 S.W.3d at 845. Further, the statute must be sufficiently definite to avoid the possibility of arbitrary and erratic arrests and convictions. *Id.*

Nyabwa points to no words of the statute that would confuse a person of ordinary intelligence. He makes an argument that the portion of the statute requiring that the photograph be taken "with intent to arouse or gratify the sexual desire of any person" is subjective. *See* Tex. Penal Code Ann. § 21.15(b)(1)(B). However, we previously have considered and rejected the argument that this phrase is unconstitutionally vague. *See Byrum v. State,* 762 S.W.2d 685, 687–88 (Tex.App.-Houston [14th Dist.] 1988, no pet.) (holding that statute which defined "sexual contact" as "any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person" was not vague); *see also Lo v. State,* —— S.W3d —— at ——, 2011 WL 5429061, at *6–7 (Tex.App.-Houston [1st Dist.] 2011, no pet. h.) (rejecting vagueness challenge to statute in which legislature made it an offense to communicate in a sexually explicit manner with a minor "with the intent to arouse or gratify the sexual desire of any person").

The language of the improper-photography statute does not impinge on First–Amendment freedoms. Instead, the stat-

ute proscribes conduct committed with the intent to sexually arouse where such conduct would violate the substantial privacy interests of others. *See Scott,* 322 S.W.3d at 668–69. The statute is sufficiently definite to avoid the possibility of arbitrary arrests and convictions. Further, it is worded in such a way that a person of ordinary intelligence is given fair notice of the offense. Accordingly, we conclude that the statute is not unconstitutionally vague on its face.

## IV. Conclusion

We hold that Texas Penal Code section 21.15(b)(1) does not violate the First Amendment of the U.S. Constitution because the conduct it proscribes is not protected speech. The statute is not overbroad, as it does not limit a substantial amount of constitutionally protected conduct. Finally, the statute is not vague because it does not impinge on First–Amendment rights, is sufficiently definite to avoid the possibility of arbitrary arrests, and is drafted with sufficient precision to inform a person of reasonable intelligence as to the conduct that constitutes an offense. Having overruled each of Nyabwa's issues, we affirm the trial court's denial of his writ of habeas corpus.