**John Michael ENARD, Appellant**

v.

**The STATE of Texas, Appellee**

**NO. 14–15–00855–CR**

Court of Appeals of Texas,
Houston (14th Dist.).

Opinion filed December 8, 2016

Rehearing En Banc Overruled
January 5, 2017

Discretionary Review Refused
June 7, 2017

Nicolas R. Hughes, Houston, TX, for Appellant.

Eric Kugler, Houston, TX, for State.

Panel consists of Chief Justice Frost and Justices McCally and Brown.

## OPINION

Kem Thompson Frost, Chief Justice

Today we address whether a defendant appealing from a judgment of conviction preserved error in the trial court by raising a complaint in a pretrial writ of habeas corpus or by objecting at the end of a hearing after pleading "guilty" and being found guilty. Concluding that appellant did not preserve error and that appellant's counsel's failure to preserve error did not constitute ineffective assistance of counsel, we affirm the trial court's judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In trial court cause number 1439251, appellant John Michael Enard was charged by indictment with the offense of intentionally or knowingly violating a civil-commitment requirement imposed under Texas Health and Safety Code section 841.082 after having been adjudicated and civilly committed as a sexually violent predator under Texas Health and Safety Code Chapter 841. In trial court cause number 1375416, appellant John Michael Enard was charged by indictment with the offense of failure to comply with a sex-offender registration requirement. In trial court cause number 1453912, appellant sought pre-trial habeas-corpus relief, including the dismissal with prejudice of the indictment against him in trial court cause number 1439251. As a basis for seeking pre-trial habeas-corpus relief, appellant alleged many constitutional violations and claimed that sections 841.082, 841.085, and 841.142 of the Texas Health and Safety Code violated his constitutional rights in various respects. The trial court denied appellant's request for habeas-corpus relief, and appellant appealed the denial.

After the denial of the appellant's request for pre-trial habeas-corpus relief, appellant and the State agreed to a plea bargain under which appellant would plead "guilty" to each offense and punishment would be assessed at two years for each offense, with the sentences to run concurrently. At the plea hearing, the trial court admonished appellant, and appellant pled "guilty" to each offense pursuant to the plea-bargain agreement. The trial court accepted appellant's pleas after finding that appellant freely, voluntarily, and knowingly pleaded "guilty" and waived his rights to a jury trial and "the other constitutional rights to fight both cases." In each case, the trial court found appellant guilty as charged in the indictment and stated

that the court assessed punishment in accordance with appellant's plea-bargain agreement.

The trial court asked if there was any legal reason why sentence should not be imposed in either case. Appellant's counsel then requested that the trial court take judicial notice of the file in the cause number in which appellant filed his application for pre-trial habeas-corpus relief. Appellant's counsel stated that he was re-urging the objections made in that application and making one additional objection under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The trial court took judicial notice of the contents of its file in the habeas-corpus case and overruled appellant's objections. The trial court then pronounced sentence in each case and signed judgments of conviction, assessing punishment for each offense at two years, with the sentences to run concurrently.

Appellant appealed from each conviction and from the denial of his application for pre-trial habeas-corpus relief. This court dismissed the appeal in the habeas-corpus case as moot because appellant was no longer confined based on an indictment appellant challenged in his application for pre-trial habeas relief, as a result of appellant's convictions based on his "guilty" pleas.[1] In appellant's appeal from the conviction for failure to comply with a sex-offender registration requirement, this court dismissed the appeal because the record supported the trial court's certification that the case was a plea-bargain case and that appellant had no right of appeal.[2]

Today, we address appellant's appeal from his conviction for violating a civil-commitment requirement imposed under Texas Health and Safety Code section 841.082 after having been adjudicated and civilly committed as a sexually violent predator under Texas Health and Safety Code Chapter 841. In this case, the trial court certified that this is a plea-bargain case and that the trial court gave appellant permission to appeal.

On appeal, appellant asserts three issues: (1) sections 841.082(a) and 841.085(a) of the Texas Health and Safety Code are unconstitutionally vague, unconstitutionally overbroad, unconstitutionally delegated legislative authority to the Office of Violent Sex Offender Management (the "Office"), and allowed the Office to impose written requirements with the force of new law without affording patients notice or due process; (2) sections 841.082(a), 841.085(a), and 841.142 of the Texas Health and Safety Code are unconstitutionally punitive; and (3) Texas Health and Safety Code chapter 841 failed to establish a constitutionally adequate mental health program.

## II. ANALYSIS

 Appellant challenges his conviction based on various alleged constitutional violations. As a threshold matter, we consider whether appellant preserved error on his complaints. Because preservation of error is a systemic requirement, this court may not reverse a judgment of conviction without first addressing error preservation. *See Darcy v. State*, 488 S.W.3d 325, 327–28 (Tex. Crim. App. 2016). The State argues that appellant failed to preserve error in the trial court as to his appellate complaints. We conclude that appellant's appellate complaints, including any facial challenge to the constitutionality of a stat-

---

1. *See Ex Parte Enard*, No. 14–15–00766–CR, 2016 WL 3131659, at *1 (Tex. App.–Houston [14th Dist.] Jun. 2, 2016, no pet.) (not designated for publication, mem. op.).

2. *See Enard v. State*, No. 14–15–00854–CR, 2016 WL 3131521, at *1 (Tex. App.–Houston [14th Dist.] Jun. 2, 2016, no pet.) (not designated for publication, mem. op.).

ute, are subject to the general requirement that a party preserve error as to these complaints in the trial court by a timely request, objection, or motion. *See* Tex. R. App. P. 33.1(a); *Karenev v. State*, 281 S.W.3d 428, 432–34 (Tex. Crim. App. 2009); *Saldano v. State*, 70 S.W.3d 873, 886–87 (Tex. Crim. App. 2002). Appellant asserts that he preserved error in the trial court by obtaining an adverse ruling in the habeas-corpus proceeding and by his objections at the plea hearing.

**A. Did appellant preserve error by obtaining an adverse ruling in the habeas-corpus case?**

Appellant filed a pre-trial habeas-corpus proceeding in trial court cause number 1453912, alleging constitutional violations and seeking dismissal with prejudice of the indictment against him in trial court cause number 1439251, which charged him with the offense of intentionally or knowingly violating a civil-commitment requirement imposed under Texas Health and Safety Code section 841.082 after having been adjudicated and civilly committed as a sexually violent predator under Texas Health and Safety Code Chapter 841 (hereinafter the "Indictment"). The trial court denied relief in the habeas proceeding. In analyzing whether the adverse ruling in the habeas-corpus proceeding preserved error as to appellant's complaints in this appeal, we begin by comparing and contrasting the pre-trial habeas-corpus proceeding with a pre-trial motion to quash or dismiss an indictment filed in the case in which the indictment is pending.

Some constitutional complaints, including facial challenges to the constitutionality of the statute that defines the offense, are cognizable in a pre-trial habeas-corpus proceeding; other constitutional complaints are not cognizable on pre-trial habeas. *See Ex parte Ellis*, 309 S.W.3d 71, 79–80 (Tex. Crim. App. 2010); *Ex parte Weise*, 55 S.W.3d 617, 619–20 (Tex. Crim. App. 2001). As to those complaints that are cognizable, a defendant charged with a criminal offense may elect to assert these complaints in a pre-trial habeas-corpus proceeding. *See Greenwell v. Court of Appeals for Thirteenth Judicial Dist.*, 159 S.W.3d 645, 649–50 (Tex. Crim. App. 2005); *Ex parte Weise*, 55 S.W.3d at 619–20. This pre-trial habeas-corpus action is a separate proceeding from the case in which the defendant is being prosecuted for the criminal offense. *See Greenwell*, 159 S.W.3d at 649. Because this habeas proceeding is separate, a denial of the request for habeas relief creates a final judgment that the applicant may appeal immediately, before the trial proceedings in the criminal prosecution have concluded.[3] *See id.* at 649–50; *Ex parte Alvear*, —— S.W.3d ——, ——, 2016 WL 943497, at *1–2 (Tex. App.–Waco Mar. 10, 2016, no pet.). Thus, as to pre-trial habeas complaints that would result in dismissal of the charging instrument,[4] if an applicant obtains pre-trial habeas-corpus relief before trial in the criminal prosecution, or if the applicant successfully appeals the denial of that relief before trial in the criminal prosecution, the applicant may obtain dismissal of the charging instrument in the

---

**3.** No statute specifically grants a right to an immediate appeal of the denial of pre-trial habeas-corpus relief. *See Greenwell*, 159 S.W.3d at 650. Instead, the applicant has the right to appeal because the denial of relief in the separate habeas-corpus proceeding marks the end of the trial stage of that proceeding. *See id.*

**4.** A successful complaint of excessive bail, for example, would not result in the dismissal of the charging instrument. *See Compian v. State*, 7 S.W.3d 199, 202 (Tex. App.–Houston [14th Dist.] 1999, no pet.).

criminal prosecution before a trial on the charged offense. *See Greenwell*, 159 S.W.3d at 649–50.

■ Though the pursuit of pre-trial habeas relief may result in an expeditious dismissal of the charging instrument and release from confinement before trial in the criminal prosecution, there are potential drawbacks to pursuing complaints only by means of a pre-trial habeas proceeding. If the trial court in the habeas proceeding denies relief and if the defendant is tried, convicted, and sentenced in the criminal prosecution before obtaining a ruling by the appellate court in the habeas appeal, the habeas appeal will become moot. *See Hubbard v. State*, 841 S.W.2d 33, 33–34 (Tex. App.–Houston [14th Dist.] 1992, no pet.). In addition, because the habeas proceeding is a separate action, the application for habeas relief is not a request for relief in the criminal prosecution, and a denial of habeas-corpus relief does not constitute a denial of a written motion in the criminal prosecution. *See Greenwell*, 159 S.W.3d at 650. For this reason, even as to constitutional complaints cognizable on pre-trial habeas, a defendant may wish to raise the complaints in the criminal prosecution by a pre-trial motion to dismiss or quash the charging instrument, or by some other pre-trial motion in the criminal prosecution. *See Neal v. State*, 150 S.W.3d 169, 175–77 (Tex. Crim. App. 2004); *Ex parte Alvear*, —— S.W.3d at ——, 2016 WL 943497, at *1–2. Though there is no immediate appeal from the denial of this type of motion, an adverse ruling on the motion preserves error that may be raised on appeal from a conviction in the criminal proceeding, including a conviction following a "guilty" plea based on a plea bargain. *See* Tex. Code Crim. Pro. Ann. art. 44.02 (West, Westlaw through 2015 R.S.); Tex. R. App. P. 25.2(a)(2); *Neal*, 150 S.W.3d at

175–77; *Ex parte Alvear*, —— S.W.3d at ——, 2016 WL 943497, at *1–2.

■ Appellant asserts that his application for pre-trial habeas-corpus relief should be treated as a written objection to the legal validity of the Indictment, citing *Grice v. State*. *See* 162 S.W.3d 641, 645 (Tex. App.–Houston [14th Dist.] 2005, pet. ref'd). The *Grice* court reviewed the trial court's denial of appellant's motion to quash the indictment on appeal from the judgment of conviction following a plea bargain agreement. *See id.* at 643, 645–47. The *Grice* court did not address whether an application for pre-trial habeas relief should be treated as an objection to the indictment in the criminal prosecution. *See id.* Appellant cites *Ex parte Nyabwa* for the proposition that an application for pre-trial habeas-corpus relief is sufficient to preserve complaints for appellate review. *See* 366 S.W.3d 719, 723 (Tex. App.–Houston [14th Dist.] 2011, pet. ref'd). But, *Ex parte Nyabwa* involved an appeal from the denial of an application for pre-trial habeas-corpus relief, and in such an appeal the denial of the application preserves error on the arguments contained in the application. *See id.* The *Ex parte Nyabwa* court did not address whether an application for pre-trial habeas relief preserved error as to appellate complaints raised on appeal of a judgment of conviction in the criminal prosecution. *See id.* Appellant has not cited any case in which a court has concluded that an application for pre-trial habeas relief should be treated as an objection to the indictment or a motion to quash or dismiss the indictment in the criminal prosecution.

In today's case, appellant did not file in the criminal prosecution a pre-trial motion to dismiss or quash the Indictment or some other pre-trial motion raising any of the issues that appellant asserts in this appeal. Appellant filed his application for

pre-trial habeas-corpus relief in a separate proceeding with a separate cause number, and the trial court's denial of this relief in the habeas proceeding did not preserve error in the criminal prosecution. *See Greenwell*, 159 S.W.3d at 649–50. Thus, the adverse ruling on appellant's request for pre-trial habeas-corpus relief did not preserve error as to any of appellant's complaints in this appeal from his conviction in the criminal prosecution. *See id.*

**B. Did appellant preserve error by his objections at the end of the plea hearing?**

■■■■■ Appellant asserts he preserved error as to the appellate complaints by his objections near the end of the plea hearing. To have preserved error, appellant must have raised these complaints in the trial court by a timely request, objection, or motion. *See* Tex. R. App. P. 33.1(a); *Karenev*, 281 S.W.3d at 432–34; *Neal*, 150 S.W.3d at 175–77; *Saldano*, 70 S.W.3d at 886–87. If a defendant asserts a constitutional or statutory complaint that would

result in dismissal or quashing of the indictment and if the defendant must preserve error in the trial court as to the complaint, the defendant must move the court to set aside, quash, or dismiss the indictment "at the first opportunity" and before the beginning of trial on the indictment.[5] *See State v. Hill*, 499 S.W.3d 853, 867, 2016 WL 5113974, at *12 (Tex. Crim. App. Sept. 21, 2016) (reaffirming the *Neal* court's holding that a defendant asserting a constitutional or statutory complaint that would result in dismissal or quashing of the indictment must move the trial court to dismiss or quash the indictment "at the first opportunity" and before the beginning of trial on the indictment); *Neal*, 150 S.W.3d at 176 (concluding that a defendant asserting a constitutional or statutory complaint that would result in dismissal or quashing of the indictment must move the trial court to set aside, quash, or dismiss the indictment "at the first opportunity" and before the beginning of trial on the indictment).[6] This rule serves the salutary

---

5. Though appellant's complaints do not appear to allege a defect, error, or irregularity of form or substance in the Indictment, complaints as to such defects, errors, or irregularities also must be asserted before the date on which trial on the Indictment begins or before appellant pleads "guilty." *See* Tex. Code Crim. Pro. Ann. art. 1.14(b) (West, Westlaw through 2015 R.S.) (stating that "[i]f the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding"); *Martin v. State*, 346 S.W.3d 229, 231–33 (Tex. App.–Houston [14th Dist.] 2011, no pet.) (noting that, under article 1.14(b) of the Code of Criminal Procedure, such objections must be lodged before the date on which trial begins and that appellant could have, but did not, raise her non-jurisdictional objection to the indictment before she pleaded "guilty" to the indictment under a plea-bargain agreement).

6. Reasoning in three opinions from the Court of Criminal Appeals conflicts with the high court's conclusions in *Hill* and *Neal*. *See London v. State*, 490 S.W.3d 503, 507–08 (Tex. Crim. App. 2016) (stating that complaints a statute is unconstitutional as applied generally should not be raised before trial); *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 910 (Tex. Crim. App. 2011) (stating that an as-applied constitutional challenge is brought during or after the trial on the merits, rather than by a pre-trial motion to quash, because the trial court must review evidence to rule on this type of challenge); *Gillenwaters v. State*, 205 S.W.3d 534, 536–38 & n.4 (Tex. Crim. App. 2006) (concluding that appellant preserved error on as-applied challenge to statute by moving for a new trial and that as-applied challenges cannot be raised by pre-trial motions to quash the indictment because trial courts need evidence to decide these challenges). After deciding these three cases, the Court of Criminal Appeals recently reaffirmed its reasoning in *Neal* in a unanimous opinion in the *Hill* case and held that article 28.01 of

purpose of preventing unnecessary trials and deterring the interruption of a trial on the merits for an objection relating to the institution and presentation of the charge. *See Hill*, 499 S.W.3d at 868, 2016 WL 5113974, at *12; *Neal*, 150 S.W.3d at 176. The Court of Criminal Appeals has noted that "[i]t would make little sense to wait until after a trial is complete before complaining that the trial should never have taken place because the indictment was defective or should have been dismissed or quashed." *Hill*, 499 S.W.3d at 868, 2016 WL 5113974, at *12 (quoting *Neal*); *Neal*, 150 S.W.3d at 176.

 Appellant was indicted in the trial court below on or before August 26, 2014. Four months later, on January 7, 2015, appellant filed a separate pre-trial habeas-corpus proceeding, raising in that proceeding many, if not all, of the complaints appellant now raises on appeal. In the criminal prosecution, appellant filed motions to dismiss or quash the Indictment, but appellant chose not to raise any of his appellate complaints in these motions.

After the denial of appellant's request for relief in the pre-trial habeas-corpus proceeding, appellant and the State agreed to a plea bargain under which appellant would plead "guilty" to the charged offense in the trial court and to the offense of failure to comply with a sex-offender registration requirement and punishment would be assessed at two years for each offense, with the sentences to run concur-

rently. On September 3, 2015, the trial court admonished appellant, and appellant pled "guilty" to each offense pursuant to the plea-bargain agreement. The trial court accepted appellant's pleas. In each case, the trial court found appellant guilty as charged in the indictment and assessed punishment in accordance with the agreement. The trial court asked if there was any legal reason why sentence should not be imposed in either case. Appellant's counsel asked the trial court to take judicial notice of the file in the pre-trial habeas-corpus proceeding. Appellant's counsel reurged the objections made in that application and asserted one additional objection under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The trial court took judicial notice of the contents of its file in the habeas-corpus proceeding and overruled appellant's objections.[7] The trial court then pronounced sentence in each case and signed judgments of conviction, assessing punishment for each offense at two years, with the sentences to run concurrently.

 We presume for the sake of argument that the trial court properly took judicial notice and that the trial court denied an oral motion by appellant to dismiss the Indictment on the grounds stated in the habeas-corpus application and the equal-protection grounds stated at the hearing. This motion at the allocution[8]

the Code of Criminal Procedure allows trial courts in criminal prosecutions to conduct a pre-trial evidentiary hearing on a defendant's motion to quash or dismiss the indictment based on alleged constitutional violations. *See* Tex. Code Crim. Pro. Ann. art. 28.01 (West, Westlaw through 2015 R.S.); *Hill*, 499 S.W.3d at 854–58, 864–69, 2016 WL 5113974, at *1–4, *10–13. To the extent the *London*, *Fine*, and *Gillenwaters* conflict with the high court's holding and reasoning in *Hill*, we conclude the *Hill* court abrogated these earli-

er holdings *sub silentio*. *See Hill*, 499 S.W.3d at 866–68, 2016 WL 5113974, at *12–13.

7. The trial judge in the habeas-corpus proceeding was the same trial judge presiding over the criminal prosecution during the plea hearing.

8. Under article 42.07 of the Code of Criminal Procedure, "[b]efore pronouncing sentence, the defendant shall be asked whether he has anything to say why the sentence should not

stage of the hearing was the first juncture in the criminal prosecution at which appellant raised any of the complaints he now asserts on appeal. Though appellant did seek dismissal of the Indictment at this late stage in the proceedings, appellant did not move the court to set aside, quash, or dismiss the Indictment "at the first opportunity" and before the beginning of trial on the Indictment.[9] We conclude that the complaints appellant raised at the end of the plea hearing were untimely and did not preserve error. *See Hill*, 499 S.W.3d at 867, 2016 WL 5113974, at *12; *Neal*, 150 S.W.3d at 175–77. Therefore, appellant failed to preserve error in the trial court on the complaints he raises on appeal, and we overrule appellant's three issues.[10] *See Hill*, 499 S.W.3d at 866–68, 2016 WL 5113974, at *12; *Neal*, 150 S.W.3d at 175–77; *Saldano*, 70 S.W.3d at 886–91.

**C. Is the failure of appellant's counsel to preserve error as to appellant's appellate complaints ineffective assistance of counsel?**

Appellant asserts that, if his counsel did not preserve error as to appellant's complaints on appeal, this failure constitutes ineffective assistance of counsel. Both the United States Constitution and the Texas Constitution guarantee an accused the right to assistance of counsel. U.S. Const. amend. VI; Tex. Const. art. I, § 10; *see also* Tex. Code Crim. Proc. Ann. art. 1.051 (West 2015). This right necessarily includes the right to reasonably effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Ex parte Gonzales*, 945 S.W.2d 830, 835 (Tex. Crim. App. 1997). To prevail on an ineffective-assistance claim, appellant must prove (1) counsel's representation fell below the objective standard of reasonableness, and (2) there is a reasonable probability that but for counsel's deficiency the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). In considering

be pronounced against him." Tex. Crim. Proc. Code Ann. art. 42.07 (West, Westlaw through 2015 R.S.). Under the statute, the only reasons that can be shown, on account of which sentence cannot be pronounced, are: (1) that the defendant has received a pardon from the proper authority, (2) that the defendant is incompetent to stand trial; or (3) when a person who has been convicted escapes after conviction and before sentence and an individual supposed to be the same has been arrested, that the person before the court for sentencing is not the person convicted. *Id.* The term "allocution" is sometimes used to refer to the defendant's response and sometimes used to refer to the court's question to the defendant. *See Norton v. State*, 434 S.W.3d 767, 770 n.2 (Tex. App.–Houston [14th Dist.] 2014, no pet.).

9. Appellant asserts that his objections at the allocution stage of the hearing "were timely and made at the first opportunity presented by the [trial court]," citing *State v. Rousseau*.

*See* 396 S.W.3d 550, 555 (Tex. Crim. App. 2013). But, the *Rousseau* court concluded the defendant had preserved error on his constitutional challenge by obtaining a pre-trial ruling on the defendant's motion to quash the indictment. *See id.* at 553–57. In today's case, appellant did not file a pre-trial motion in the criminal prosecution to quash or dismiss the Indictment. Appellant did not file a motion to set aside, quash, or dismiss the Indictment at the first opportunity in the criminal prosecution.

10. Appellant cites *Everitt v. State. See* 407 S.W.3d 259, 261–64 (Tex. Crim. App. 2013). The *Everitt* case involved a defendant who voiced objections to the admissibility of expert testimony at trial by means of a motion to suppress and objections during trial. The case under review does not involve objections to the admissibility of evidence at trial, and appellant's habeas-corpus application is not a motion in the criminal prosecution. The *Everitt* case is not on point. *See id.*

an ineffective-assistance claim, we indulge a strong presumption that counsel's actions fell within the wide range of reasonable professional behavior and were motivated by sound trial strategy. *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052; *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). To overcome this presumption, the ineffective assistance must be firmly demonstrated in the record. *Thompson*, 9 S.W.3d at 814. In most cases, direct appeal is an inadequate vehicle for raising such a claim because generally the record is undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003); *Thompson*, 9 S.W.3d at 813–14.

When the record is silent regarding trial counsel's strategy, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). A sound trial strategy may be imperfectly executed, but the right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). Instead, we "review the totality of the representation and the circumstances of each case without the benefit of hindsight." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). Appellant did not allege ineffective assistance of counsel in the trial court, and the record contains no evidence as to the explanation for counsel's conduct. Reversal on this point is an option only if the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed*, 187 S.W.3d at 392.

Appellant's counsel helped appellant obtain a plea-bargain agreement under which appellant pleaded "guilty" to the felony offense of violating a civil-commitment requirement imposed under Texas Health and Safety Code section 841.082 and the felony offense of failure to comply with a sex-offender registration requirement. Under the plea-bargain agreement, the trial court assessed appellant's punishment at two years for each offense, ordering the sentences to run concurrently. Although appellant's complaints on appeal, if meritorious, would have precluded conviction as to the former offense, they would not have prevented prosecution or conviction as to the latter offense. In addition, in appellant's briefing of his appellate complaints, appellant does not cite any appellate opinion in which a court sustains any of the constitutional challenges appellant makes on appeal to any of the Texas statutes at issue. Appellant's appellate complaints raise legal issues that are unsettled. *See State v. Bennett*, 415 S.W.3d 867, 869 (Tex. Crim. App. 2013). The failure to preserve error as to unsettled legal issues is not ineffective assistance of counsel. *See id.* at 868–69.

We cannot conclude that appellant's counsel's failure to preserve error as to the appellate complaints was conduct so outrageous that no competent attorney would have engaged in it. *See id.*; *Goodspeed*, 187 S.W.3d at 392–94; *Hebert v. State*, 489 S.W.3d 15, 22–24 (Tex. App.–Houston [14th Dist.] 2016, no pet.). Therefore, this failure does not constitute ineffective assistance of counsel. *See Bennett*, 415 S.W.3d at 868–69; *Goodspeed*, 187 S.W.3d at 392–94; *Hebert*, 489 S.W.3d at 22–24.

### III. Conclusion

Appellant did not preserve error as to his appellate challenges, and we cannot conclude that appellant's counsel's failure to preserve error in the trial court constituted ineffective assistance of counsel.

Having overruled appellant's issues, we affirm the trial court's judgment.