

# NUMBER 13-21-00213-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JAVIER CASAS,                                                    Appellant,

v.

THE STATE OF TEXAS,                                             Appellee.

### On appeal from the 214th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Hinojosa, Tijerina, and Silva
### Memorandum Opinion by Justice Silva

By a single issue, appellant Javier Casas contends that the trial court violated his right to allocution before sentencing. We affirm.

## I.    BACKGROUND

On May 23, 2019, pursuant to a plea agreement, Casas pleaded guilty to two counts of sexual assault of a child, a second-degree felony and lesser-included offense

of the indicted offense.[1] *See* TEX. PENAL CODE ANN. §§ 22.011 (sexual assault), 22.021 (aggravated sexual assault). The trial court deferred adjudication of guilt and placed Casas on community supervision for ten years. On April 16, 2021, the State filed a motion for revocation,[2] alleging multiple violations of Casas's community supervision conditions, including: failure to pay court-ordered fees; termination from the sex offender treatment program due to "noncompliance"; and possession of unreported electronic devices "used to view obscene material via the internet."

At a hearing on June 21, 2021, Casas pleaded "true" to all of the State's allegations. The following colloquy, in relevant part, transpired during punishment:

| | |
|---|---|
| THE COURT: | All right. [Defense counsel], any witnesses on punishment? |
| [DEFENSE COUNSEL:] | No, Your Honor. |
| THE COURT: | Defense, rest and close? |
| [DEFENSE COUNSEL:] | Yes, Your Honor. |
| THE COURT: | All right. Argument. |
| [The State presented argument.] | |
| . . . . | |
| [DEFENSE COUNSEL:] | Your Honor, I understand he violated[,] and he understands he violated. And there is no excuse for that. I mean, you know, he's indicated to me that he basically was using [the internet] a lot, as we normally use it, to get directions and stuff |

---

[1] Casas was originally indicted on two counts of aggravated sexual assault of a child, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.021 (aggravated sexual assault). The complainant is Casas's granddaughter, who was eight years old at the time of the offense.

[2] This was the State's second motion for revocation. Following a hearing on the State's first motion for revocation, filed January 31, 2020, the trial court ordered Casas to serve a thirty-day jail sanction.

2

like that, but he understands he can't be doing that.

THE COURT: I'm sorry, [Defense counsel], he was using the internet to get directions?

[DEFENSE COUNSEL:] Yes. Directions and obviously for porn. He admits that he was looking at porn, that, you know, he shouldn't have been. But as probation indicated, there is no evidence he was looking at child porn and of course he denies that. But I understand—he understands it is a violation[,] and I believe that the recommendation from probation [is] for [Casas to attend an intermediate sanction facility (ISF).[3]] I think that's the right choice, given the fact this is, he's only had, I guess, one prior [motion to revoke,] and he's never had this kind of treatment or ISF [c]ognitive treatment. I believe it would be the right track for him. And, you know, I have spoken to him[,] and he has not shied away from his responsibility. I do note his age, Your Honor, being 70 years old. If he were to go to prison, you know, I know COVID is subsiding but it's still out there and it would be a death sentence for him, I think, at his age to go out there to prison. So I would ask that the Court follow probation's recommendation and give him the [c]ognitive ISF treatment and that he be reinstated with conditions that the Court feels appropriate.

THE COURT: All right. Mr. Casas, I very vividly remember this case when it first came to our court and how it transpired and the plea agreement and the first motion to revoke. And I disagree with the analysis of probation and your Defense attorney. I see it as the continuation of the same predator[-]like behavior as the one that led to the offense in the first place. The offense of sexual assault of a child and the age of the victim and the fact that you are putting the words "young

_____

[3] The community supervision officer recommended that the trial court order Casas to participate in an ISF cognitive treatment program. Casas previously completed ISF substance abuse treatment.

female"[4] and that you have Facebook in violation of the conditions. That you are communicating with that Facebook. That you are watching pornography. That you are hiding the cell phone. It's the same deceptive behavior. So at this point, having found the allegations to be true, I am revoking your deferred adjudication. I'm making an affirmative finding of guilt of sexual assault of a child on both counts[,] and I'm sentencing you to ten years in the Texas Department of Corrections. You will receive credit for any time you spent awaiting disposition of your case. And you will receive your right to appeal. Thank you. We are adjourned on this case.

[DEFENSE COUNSEL:]    Thank you, Your Honor.

This appeal followed.

## II.    ALLOCUTION

By a single issue, Casas asserts that the trial court reversibly erred in denying him an opportunity for allocution. The State argues, and we agree, that Casas failed to preserve this issue for appeal.

"Allocution" is a term which carries a variety of meanings. *See Enard v. State*, 513 S.W.3d 206, 214–15 n.8 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (observing that "[t]he term 'allocution' is sometimes used to refer to the defendant's response and sometimes used to refer to the court's question to the defendant"). In this context, however, allocution refers to the trial court affording a criminal defendant the opportunity to speak in mitigation of the sentence yet to be imposed. *See Norton v. State*, 434 S.W.3d

___

[4] The community supervision officer reported Casas had been searching for pornography, using search terms which included, "young first time" and "[y]oung Latina first suck."

4

767, 771 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *see also Garcia v. State*, No. 13-19-00388-CR, 2021 WL 79294, at *2 (Tex. App.—Corpus Christi–Edinburg Jan. 7, 2021, no pet.) (mem. op., not designated for publication). A defendant's right to allocution exists as both a statutory and a common-law right. *Vasquez v. State*, 605 S.W.3d 734, 739 (Tex. App.—Houston [1st Dist.] 2020, no pet.); *see also Ybarra v. State*, No. 13-18-00141-CR, 2019 WL 3819871, at *4 (Tex. App.—Corpus Christi–Edinburg Aug. 15, 2019, pet. ref'd) (mem. op., not designated for publication). As relevant here, Article 42.07 of the Texas Code of Criminal Procedure provides that "[b]efore pronouncing sentence, the defendant shall be asked whether he has anything to say why the sentence should not be pronounced against him." TEX. CODE CRIM. PROC. ANN. art. 42.07.

However, it is incumbent on a defendant—whether in pursuance of his statutory or common-law right of allocution—to make a "timely request, objection, or motion" to the trial court and obtain an express or implied ruling to preserve error for appeal. *See* TEX. R. APP. P. 33.1(a); *Vasquez*, 605 S.W.3d at 739; *see also Ybarra*, 2019 WL 3819871, at *4. A defendant who fails to do so forfeits his appellate complaint. *See Vasquez*, 605 S.W.3d at 739–40 (concluding appellant's allocution complaint was not preserved where there was no objection to trial court's denial of his opportunity for allocution); *see also Garcia*, 2021 WL 79294, at *2–3 (same); *Ybarra*, 2019 WL 3819871, at *4 (same).

Casas was required to clearly communicate to the trial court the particular complaint he now raises on appeal. *See* TEX. R. APP. P. 33.1(a). Neither Casas nor his defense counsel conveyed to the trial court that Casas wished to exercise his statutory or common-law right of allocution prior to the trial court's pronouncement of sentencing,

5

and Casas did not object after the trial court sentenced him. *See id.*; *Vasquez*, 605 S.W.3d at 739–40 (concluding that the allocution issue was unpreserved and even if the reviewing court were to find error, appellant was not harmed because "the right to allocution is not a constitutional right"); *see also Gay v. State*, No. 13-16-00158-CR, 2017 WL 2705446, at *2 (Tex. App.—Corpus Christi–Edinburg June 22, 2017, no pet.) (mem. op., not designated for publication) (concluding appellant "has not preserved any issue for appellate review" where "appellant made no objection and did not request any further opportunity to address the trial court in mitigation of his sentence" and observing the same constitutional limitations). Casas failed to preserve this alleged error. *See* TEX. R. APP. P. 33.1(a); *Vasquez*, 605 S.W.3d at 739–40. Accordingly, we overrule Casas's sole issue.

### III.    CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
24th day of February, 2022.

6