**Dismissed and Opinion filed July 23, 2024.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00807-CV

### MATTER OF T.V.T.

**On Appeal from the 314th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-04208J**

## OPINION

Appellant, 13 years old at the time of the offense, was charged with aggravated sexual assault of a child under the age of 14. After the trial court denied appellant's pretrial application for writ of habeas corpus, motion for summary judgment, motion to quash the petition, and motion to dismiss the petition, appellant entered a stipulation of true to the allegation and was found to have engaged in delinquent conduct. Disposition was assessed pursuant to an agreement with the State. Appellant appealed his adjudication asserting (1) the trial court erred in failing to dismiss or quash the petition because a child under the age of 14 cannot be prosecuted for aggravated sexual assault of a child under section 22.021 of the Penal

Code; and (2) section 22.021 is unconstitutional on its face and as applied to him. On original submission this court reversed the trial court's adjudication order and rendered judgment dismissing the case with prejudice, holding the trial court erred in denying appellant's motion to quash the petition. *Matter of T.V.T.*, 651 S.W.3d 1, 6–7 (Tex. App.—Houston [14th Dist.] 2019) (*T.V.T. I*). The Supreme Court of Texas reversed, concluding appellant can be prosecuted for aggravated sexual assault of a child under Penal Code section 22.021. *Matter of T.V.T.*, 675 S.W.3d 303, 309–10 (Tex. 2023) (*T.V.T. II*). The court reversed this court's decision and remanded for consideration of appellant's constitutional arguments "[t]o the extent that these issues have been properly preserved and are otherwise properly presented." *Id*. at 310. Concluding we lack subject-matter jurisdiction to review the denial of appellant's pretrial application for writ of habeas corpus, we dismiss.

## BACKGROUND

The State filed a petition in which it alleged that appellant, on or about March 1, 2017, intentionally and knowingly caused the penetration of the mouth of the complainant, a person younger than 14 years of age, with appellant's sexual organ. *See* Tex. Penal Code § 22.021(a)(1)(B)(ii), (2)(B). Appellant was born February 15, 2004; at the time of the offense appellant was 13 years old; the complainant was 12 years old.

In addition to other pretrial motions addressed on original submission, appellant filed a pretrial application for writ of habeas corpus in which he alleged that section 22.021 of the Penal Code was unconstitutional. Appellant urged in his application that section 22.021 was unconstitutional on its face because there was no set of circumstances under which the statute could be valid for a child younger than 14 years of age. Appellant amended his application for writ of habeas corpus alleging that section 22.021 of the Penal Code was unconstitutional as applied to him.

2

The trial court held a non-evidentiary hearing on appellant's application for writ of habeas corpus. At the beginning of the hearing the State stipulated that both appellant and the complainant were younger than 14 years of age at the time of the offense. Appellant argued at the hearing that he did not have the legal capacity to knowingly or intentionally commit the offense. The trial court denied appellant's application for writ of habeas corpus. Following the trial court's denial appellant entered a stipulation and a plea of true to the petition. The trial court adjudicated appellant delinquent and assessed punishment pursuant to an agreement with the State. Appellant was placed on probation until he turned 18 and required to attend sex offender treatment to avoid lifetime registration as a sex offender.

## ANALYSIS

In appellant's third and fourth issues on original submission he argues the trial court erred in denying his pretrial application for writ of habeas corpus challenging the constitutionality of the statute. The trial court had jurisdiction to hear a writ of habeas corpus under the Texas Constitution. *See* Tex. Const. art. 5, § 8; *In re Hall*, 286 S.W.3d 925, 926–27 (Tex. 2009); *In re R.G.*, 388 S.W.3d 820, 824 (Tex. App.— Houston [1st Dist.] 2012, no pet.). We turn to whether this court has jurisdiction to consider appellant's issues originally raised in a pre-adjudication application for writ of habeas corpus.

The right of appeal in juvenile proceedings is specifically controlled by section 56.01 of the Family Code. *C. L. B. v. State*, 567 S.W.2d 795, 796 (Tex. 1978). Section 56.01(c) provides that an appeal may be taken from several orders of the juvenile court, including an order "disposing of the case" "except as provided by Subsection (n)[.]" Tex. Fam. Code §56.01(c)(1). Subsection (n), applicable here, provides:

(n) A child who enters a plea or agrees to a stipulation of evidence in a

3

proceeding held under this title may not appeal an order of the juvenile court entered under Section 54.03, 54.04, or 54.05 if the court makes a disposition in accordance with the agreement between the state and the child regarding the disposition of the case, unless:

(1) the court gives the child permission to appeal; or

(2) the appeal is based on a matter raised by written motion filed before the proceeding in which the child entered the plea or agreed to the stipulation of evidence.

Tex. Fam. Code § 56.01(n).

In this case, appellant's disposition was assessed pursuant to an agreement with the State. The record reflects that appellant did not receive permission to appeal matters other than the court's rulings on pretrial motions:

THE COURT: All right. Says no unsupervised contact with children under 14. Cost and fees are assessed. You have a right to appeal on a limited basis and the right to have an attorney on appeal. Okay. Good luck to you. You're excused.

[Appellant's counsel]: Thank you, Your Honor. Do we need to present a form to the Court as far as a right to appeal the pretrial motions that have been denied or how do we —

THE COURT: I don't think there's any question that he has a right to appeal the pretrial motions.

Having not received permission from the trial court to appeal matters other than those raised by written motion prior to adjudication, our jurisdiction over this appeal is dependent on whether we construe the denial of appellant's pre-adjudication writ of habeas corpus as "a matter raised by written motion filed before the proceeding[.]" *See* Tex. Fam. Code § 56.01(n)(2).

This court recognized in a criminal case that some constitutional complaints, including facial challenges to the constitutionality of the statute that defines the offense, are cognizable in a pretrial habeas-corpus proceeding. *See Enard v. State*, 513 S.W.3d 206, 211 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (citing *Ex*

*parte Ellis*, 309 S.W.3d 71, 79–80 (Tex. Crim. App. 2010)). As to those complaints that are cognizable, a defendant charged with a criminal offense may elect to assert these complaints in a pretrial habeas-corpus proceeding. *See Greenwell v. Court of Appeals for Thirteenth Judicial Dist.*, 159 S.W.3d 645, 649–50 (Tex. Crim. App. 2005). This pretrial habeas-corpus action is a separate proceeding from the case in which the defendant is being prosecuted for the criminal offense. *See id.* at 649. Because the habeas proceeding is separate, a denial of the request for habeas relief creates a final judgment that the applicant may appeal immediately before the trial proceedings in the criminal prosecution have concluded.[1] *Enard*, 513 S.W.3d at 211. Therefore, this court held that the denial of a pretrial writ of habeas corpus is not a denial of a request made in a written motion in the underlying proceeding. *Id.*

We recognize that juvenile cases are generally governed by civil rules. *See In re M.R.*, 858 S.W.2d 365, 366 (Tex. 1993). However, the writ of habeas corpus, "the great writ," is the remedy to be used by any person restrained in his or her liberty. *See* Tex. Code Crim. Proc. art. 11.01; *see M.B. v. State*, 905 S.W.2d 344, 346 (Tex. App.—El Paso 1995, no writ). "A juvenile, just as any other person, may challenge a restraint upon his or her liberty by filing an application for writ of habeas corpus in the proper court." *Id.*; *see* Tex. Const. art. V, § 6 (stating that courts have jurisdiction, original and appellate, as may be prescribed by law).

When constitutional challenges are made as pretrial habeas complaints that

---

[1] We recognize other courts have held they lack subject-matter jurisdiction to review an appeal from a pre-adjudication writ of habeas corpus in a juvenile proceeding; however, we decline to follow the holdings of those courts. *See Matter of J.L.D.*, 704 S.W.2d 395, 396 (Tex. App.—Corpus Christi 1985, no writ); *Stephenson v. State*, 515 S.W.2d 362, 363 (Tex. Civ. App.—Dallas 1974, writ dism'd); *Mendoza v. Baker*, 319 S.W.2d 147, 148–51 (Tex. Civ. App.—Houston [1st Dist.] 1958, no writ). *But see Matter of C.L.Z.*, No. 01-20-00584-CV, 2022 WL 2069223, at *3 (Tex. App.—Houston [1st Dist.] June 9, 2022, no pet.) (mem. op.) (recognizing that the Court of Criminal Appeals approach to pretrial habeas rulings in criminal cases "makes good sense and arguably would be just as sensible in juvenile-court cases.").

would result in dismissal of the charging instrument, as appellant's claim here, if an applicant obtains pretrial habeas-corpus relief, or if the applicant successfully appeals the denial of that relief before trial, the applicant may obtain dismissal of the charging instrument before a trial on the charged offense. *Enard*, 513 S.W.3d at 211–12. Therefore, the denial of appellant's pretrial application for writ of habeas corpus is not a ruling on a written motion filed before adjudication and we do not have jurisdiction pursuant to the Family Code. *See* Tex. Fam. Code § 56.01(n).

In applying our court's analysis in *Enard* to this juvenile case, we note that juvenile cases are quasi-criminal in nature. *See In re I.F.M.*, 525 S.W.3d 884, 886 (Tex. App.—Houston [14th Dist.] 2017, no pet.) ("Because juvenile cases are considered "quasi-criminal" proceedings, civil and criminal rules apply at different stages of the same proceeding."). In this case, although appellant did not file the pretrial writ under a separate cause number, he filed a separate document entitled, "Application for Writ of Habeas Corpus" asking that the trial court find the statute unconstitutional. The trial court denied appellant's application in a separate order. The failure to file the pretrial application for writ of habeas corpus in a separate cause number did not convert the substance of the writ into a motion. *See In re R.G.*, 388 S.W.3d at 824 (concluding that post-trial writ filed in same cause number as adjudication was not a written motion in the underlying juvenile case).

Because appellant entered a plea of guilty and was adjudicated pursuant to an agreement with the State, we lack jurisdiction to consider appellant's constitutional complaints as those complaints were raised in a pre-adjudication application for writ of habeas corpus. *See* Tex. Fam. Code § 56.01(n) (permitting appeal of matters raised in written motion before adjudication); *see also* Tex. Fam. Code § 56.01(o) (Family Code section does not limit a child's right to obtain a post-adjudication writ of habeas corpus).

The State raised this court's subject-matter jurisdiction in its supplemental brief on appeal. Appellant has not demonstrated this court has jurisdiction to entertain his appeal.

## CONCLUSION

We dismiss appellant's appeal for want of subject-matter jurisdiction.

/s/    Jerry Zimmerer
       Justice

Panel consists of Justices Zimmerer, Spain, and Hassan.